**SCHRAMM v. KNOLLE et al.   (No. 8106.)**

(Court of Civil Appeals of Texas. Galveston. March 21, 1922.)

**I. Mandamus ⬅14(3)—Commissioners' court will not be compelled to remove obstruction from road while petition for opening it is pending.**

The commissioners' court will not be compelled by mandamus to remove obstruction from certain road where a petition for the opening of the road is pending before the commissioners' court, in the absence of a showing that it has refused to hear and consider the petition, or has unnecessarily postponed consideration thereof.

**2. Courts ⬅480(I)—One court will not interfere with another court in the discharge of its duty, unless it is acting arbitrarily, willfully, or corruptly.**

One court has no right to interfere with the action of another court in the discharge of its duty, unless it is made to appear that such court is acting arbitrarily, willfully, or corruptly in the administration of justice, or that it has abused its discretion to such an extent as would warrant the court of equity to take cognizance thereof and grant proper relief.

Appeal from District Court, Austin County; M. C. Jeffrey, Judge.

Suit by H. A. Schramm against C. F. Knolle and others. Judgment for defendants, and plaintiff appeals. Affirmed.

W. W. Searcy, of Brenham, for appellant. C. G. Krueger, of Bellville, for appellees.

LANE, J. This suit was brought by H. A. Schramm on the 20th day of December, 1920, against C. F. Knolle and W. I. Hill, county judge, and A. E. Mewis, John Reichle, Theo. Brosig, and C. Fiesler, members of the commissioners' court of Austin county, to compel the removal of a certain fence alleged to be maintained by C. F. Knolle across a certain alleged public road of said Austin county.

The plaintiff alleged substantially that in 1854 the commissioners' court of Austin county, in manner and form as required by law, established a public road to run from Post Oak Point in Austin county to and through the village of Industry in said county, known as the Industry and Post Oak Point Bellville road; that after said road was established and used by the public for 40 years, to wit, in the year 1894, one E. M. Knolle unlawfully built a fence across said road where it passed over his land, in such manner as to obstruct the same and prevent appellant and the public generally from traveling; that after said fence was erected C. F. Knolle became the owner of said land of E. M. Knolle, and is now maintaining said fence across said road; that at the point where C. F. Knolle maintains his fence across said road the same was over high ground and could be traveled, except for said obstruction, at all times without difficulty; that after the fence was built by E. M. Knolle across the road, the same was thrown a considerable distance from its original location to and along the banks of a creek that often overflows its banks, and that by reason of such overflows the road

as changed becomes muddy, so that at times it cannot be traveled, and that as changed it runs along a steep and rocky hill that makes it difficult and dangerous to travel with loaded wagons, and that as changed it is about one-half mile longer than before said change was made; that he (plaintiff) owns a public gin in the village of Industry, and does ginning and grinding and saws logs for the public and is interested in seeing that this road, which leads to Industry, is kept open, in order that those desiring to patronize his gin and mill can travel over it as originally laid out in 1854; that by reason of said road being obstructed and by reason of the unfitness of the ground over which the public is now compelled to travel in order to get to Industry, where his gin is situated, he is deprived of customers and patronage that he would otherwise get, that he does not now get on account of the bad condition of the present road; that he has requested C. F. Knolle to remove said obstruction from said road, and that the people in the neighborhood of Industry have always complained of said obstruction and demanded its removal, but that such requests and demands have been ignored by C. F. Knolle at all times; that plaintiff has requested the commissioners' court of Austin county to have the said obstruction removed and the road opened, so that it can be traveled by the public, but that the commissioners had refused to take action upon his request. He prayed that on final hearing judgment should be rendered, awarding him a mandatory injunction against all of the defendants, requiring the defendants composing the commissioners' court of Austin county to enter appropriate orders, directing said road to be opened, and the defendant C. F. Knolle to obey said order and to remove said obstruction from said road.

The defendant C. F. Knolle answered by general and special exceptions, general denial; that if the public road ever ran across the land of defendant C. F. Knolle, it was only a permissive use; that if a public road was ever legally established by the commissioners' court of Austin county, Tex., over the defendant's land and along the route alleged by the plaintiff, the same had long since been abandoned as a public road by nonuse for more than 26 years; that the commissioners' court of Austin county exchanged the easement in said land for the right of an easement in a strip of land on the south line of plaintiff's land along Pastoren creek, and along the east side of plaintiff's land, and then opened up a public road and traveled the same for more than 26 years prior to the filing of this suit. The defendant also pleaded the 2, 4, 5, 10, and 25 years' statute of limitation.

The defendants W. I. Hill, A. E. Mewis, Theo. Brosig, Oscar Fiesler, and John Rei-

chle, composing the commissioners' court of Austin county, answered, saying that they had not refused to act on the request of the plaintiff to have said road opened; that the same was then, with other petitions concerning said road, pending before the commissioners' court.

The case was tried before the court without a jury, and judgment was rendered for defendants.

No statement of facts has been filed in this court. The trial judge filed his findings of fact, and upon such findings we must depend to determine the complaints of appellant. The facts found by the court material to the controlling question presented by this appeal are, in effect, as follows:

That some time in 1920 appellant filed with the commissioners' court of Austin county a petition, asking that it enter an order for the removal of the obstruction complained of; that said commissioners' court did not pass upon said petition at the next term after it had been filed, but for some reason (undisclosed by the findings) postponed consideration thereof to the February term, 1921; that without waiting for the convening of said February term of the court, appellant filed this suit on the 20th day of December, 1920, in the district court of Austin county, praying for judgment of that court, compelling the commissioners' court to enter an order directing the opening of said road, and to compel defendant Knolle to obey such order when so entered by the commissioners' court.

He also found:

"That from 1854 to 1894 said road was recognized by the proper authorities of Austin county, Tex., as a public road of the county, overseers were regularly appointed, and road hands assigned to work the same. That it was traveled and used by the public as a public road as originally laid out in 1854 until 1894, and was one of the public roads of said county. That at the time of the laying out and establishing of said road, the greater part of the country was open prairie country, and that said road was laid out as contended by plaintiff, and that the public would cross said prairie at different places in traveling said road, but that there was and is at this time a well-marked road between the points mentioned.

"That in 1894, E. M. Knolle fenced a portion of said road between Pastoren creek and the town of Industry. That after said road was fenced, the public had to travel another road that was opened up along the banks of Pastoren creek for some distance before connecting up with the original road as laid out. That the last road is 396 feet longer than the road as originally laid out. That in times of a heavy rainfall, Pastoren creek overflows its banks, and that portion of the road along the banks of said creek becomes flooded, and at times is very bad and muddy. That the portion of said road fenced by E. M. Knolle was a sandy hill.

"That the defendant C. F. Knolle has succeeded to the ownership of the lands across

which said road was originally laid out and established, and keeps up the obstructions placed across said road by E. M. Knolle, and has refused to remove the same.

"That the plaintiff, H. A. Schramm, owns and operates a public cotton gin, gristmill and sawmill, and operates same for the public. That said gin and sawmill is situated about one-half mile from his residence on the Bellville-Industry public road, and about one mile from the point on the Industry Post Oak Point and Columbus road fenced by Knolle. That the first-named road is about one-half mile longer than the Industry Post Oak Point road from the place where C. F. Knolle has his obstructions placed across same, and that from that point to the gin of plaintiff, said Industry Post Oak Point road is traveled very little, while the other road is the road used generally by the traveling public, and is kept in good condition.

"That the plaintiff, H. A. Schramm, lives in the town of Industry, Austin county, Tex., at a point where the road in question intersects the Bellville-Industry public road. That the plaintiff, H. A. Schramm, has not sustained any special injury to himself, nor has he been deprived of any benefits differing from the public generally by the obstructions across said public road."

The case was tried on the 19th day of January, 1921, before the convening of the February term of the commissioners' court, to which appellant's petition praying for the opening of the road had been postponed and as a consequence said petition was pending and undisposed of at the time of the trial of the present suit in the district court.

[1] Appellant insists that the court erred in refusing to order the commissioners' court to enter the order prayed for by him, in that it was shown that the road in question was a public road, and that in such case it was the duty of said court to have the obstructions complained of removed from said road. We overrule appellant's contention. It is shown that the petition of appellant to the commissioners' court to have the road opened was pending in said court at the time appellant filed this present suit, and at the time the same was tried in the district court. There was no evidence tending to show that the commissioners' court had refused to hear and consider the petition of appellant for the opening of the road, or that said court had unnecessarily postponed consideration of the same. Appellant was not entitled to the relief prayed for at the hands of the district court without first showing that the commissioners' court, before which his petition was pending, had arbitrarily refused to grant him the relief prayed for at the hands of the latter court.

[2] It is an elementary principle of law that no court has a right to interfere with the action of another court in the discharge of its duty unless it is made to appear that said court is acting arbitrarily, willfully, or corruptly in the administration of justice, or that it has abused its discretion to such an extent as would warrant the court of equity in taking cognizance thereof, and granting proper relief, but in this case the plaintiff has wholly failed to show such facts, and therefore he was not entitled to any relief whatsoever as prayed for by him.

We have reached the conclusion from the facts found by the trial court, and those disclosed by the record, that no judgment other than the one rendered could have been properly rendered, and, having reached such conclusion, appellant's assignments are all overruled, and the judgment is affirmed.

Affirmed.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes