**SCHILLER et al. v. DUNCAN, County Judge, et al. (No. 9394.)**

Court of Civil Appeals of Texas. Galveston. Oct. 10, 1929.

O. G. Krueger, of Bellville, for appellants.

J. Lee Dittert and C. D. Duncan, both of Bellville, for appellees.

PLEASANTS, C. J. Appellants, who are the owners of land in Austin county over which a public road is sought to be located, in a petition before and under consideration by the commissioners' court of Austin county, brought this suit against appellees, the county judge and members of the commissioners' court, to restrain further proceedings under the petition for the road.

The grounds upon which the injunction was asked were the failure of the petition to allege a public necessity for a road in the location designated in the petition, the claim that in fact no such necessity existed, and the failure of the petitioners to give notice of the

filing of the petition as required by the statute.

Appellants' petition, in addition to stating the absence of any allegation of public necessity in the road petition, the failure to give notice of the filing of the petition, and setting out at length the facts relied on to show that no public necessity for the road exists, contains the following allegations:

"The appellants further allege that the Commissioners' Court upon said petition appointed a jury of view to lay out, mark and establish such road; that said jury of view so appointed by said Court went upon plaintiffs' lands and proceeded to view, lay out, mark and establish said road as a public road upon and across plaintiffs' lands and that these plaintiffs have good reason to believe and do believe and so charge the fact to be that said jury of view or a majority thereof have agreed to file a report that they have viewed, laid out and marked said proposed public road and recommended the opening of said road as a public road and that said jury of view or a majority thereof will file their said report with the County Clerk of Austin County, Texas, and that the Commissioners' Court of Austin County, Texas, will adopt said report of said jury of view and will appoint an overseer of said road and direct him to go upon plaintiffs' land, pull down their fences, dig ditches and drains upon their said land and appropriate their said lands so designated as a public road and as a result of such actions, these plaintiffs will suffer irreparable injury and damages.

"The plaintiffs further allege that the defendants as the Commissioners' Court of Austin County, Texas, have already indicated that it will adopt the report of said jury of view and establish said proposed road as a public road and that it will appoint an overseer and direct him to go upon plaintiffs' lands, remove plaintiffs' fences, dig ditches and drains upon plaintiffs' land and trespass thereon as aforesaid, and that plaintiffs have no adequate remedy at law by which they can prevent the same unless your Honor should grant his most gracious writ of injunction, restraining said Commissioners' Court from so doing."

It is further alleged that the defendant commissioners' court abused its discretion in considering the application for the establishment of the proposed road and in appointing a jury of view, "and that it will continue to abuse its discretion in the adoption of the report of the jury of view and the establishment of said proposed public road and that as a result of such action on the part of the defendants the plaintiffs will suffer irreparable injury."

It is further alleged that the establishment of the proposed public road would entail a large expenditure of money, and, there being no public necessity for the road, such expenditure would be a dissipation of public funds, and the equity power of the court is invoked to restrain the defendants from so spending the money of the county.

On the 10th day of April, 1929, the petition was presented to the judge of the Twenty-Second judicial district, and a temporary injunction obtained restraining the defendants from proceeding further in the matter of establishing the proposed public road.

Upon a hearing on a motion to dissolve on June 3, 1929, the court below sustained a plea in abatement presented by defendants and granted the motion to dissolve.

The defendants' plea, which was sustained by the court, attacks the jurisdiction of the court to hear and determine the question presented by plaintiffs' petition, on the ground that the commissioners' court had taken no final action upon the application for establishment of the road, and therefore plaintiffs' suit, in so far as their cause of action is based upon the abuse of discretion by the commissioners' court in establishing a public road over plaintiffs' land, was prematurely brought and should be abated. The plea is lengthy and need not be set out in full.

The judgment of the trial court recites the facts upon which it is based, and no complaint is made by appellants of these fact findings. This judgment is as follows:

"Upon this, the 3rd day of June, 1929, upon a day of the regular term of this honorable court, came on to be heard in the above-entitled and numbered cause a plea to the jurisdiction of this court in said cause and thereupon came the plaintiffs, by counsel, and also came the defendants, in person and by counsel, whereupon the defendants' plea to the jurisdiction of said court was submitted unto said court, and the court, having heard the motion and heard the evidence adduced thereupon, doth conclude and find that an application for the establishment of the proposed road as set forth in the plaintiffs' original petition was duly filed with the Commissioners' Court of Austin County, Texas, which said application or petition was signed by more than eight freeholders of the precinct in which said road was desired to be made, and that the Commissioners' Court regularly acted upon said application or petition thus filed only after at least twenty days' notice by written advertisement of such application or petition had been given by posting such written advertisement at the court house door of the court house of Austin County, Texas, and at two other public places in the vicinity of the route of such road; and the Commissioners' Court, in acting upon said petition, appointed five persons as a jury of view, said five persons being freeholders in the County of Austin and State of Texas, to proceed to lay out, survey and describe such road to the greatest advantage of the public, so that the same could be traced with certainty, and to notify the persons over whose land said road should run, as contemplated by such application, and to assess the damages, if any, occasioned by the laying out of said road, and

that the members of said jury of view were all qualified freeholders of Austin County, Texas, and duly took the oath as provided by law.

"2. That the jury of view has not as yet issued notice to the landowners over whose land the proposed road is contemplated to be run, and have not viewed said road nor laid out said road nor assessed the damages, and are conscious of the fact that they cannot report their action in the premises to this court until they have complied with the law in issuing the requisite notice to the landowners as contemplated by article 6709 of the Revised Civil Statutes of the State of Texas 1925.

"3. That the jury of view has not made its report to the County Court of Austin County, Texas, and it is not known what the report of the jury of view in such matter will be, and it is not known what the action of the Commissioners' Court will be upon the report of the jury of view, and the court doth specifically find that the Commissioners' Court of Austin County, Texas, have no disposition to do other than their duty in the matter of considering the report of the jury of view, and have not made up their minds that they will approve said report or reject the report, and are not disposed to act in the abuse of their discretion, nor in a manner transcending their authority under the law.

"4. That the County Court of Austin County, Texas, is a court of general original jurisdiction in the matters pertaining to the establishment of public roads and the change of public roads, or the laying out or altering thereof, and that the district court has a revisory jurisdiction to review the action of the Commissioners' Court only in the event and when the Commissioners' Court has transcended its authority or grossly abuses its discretion, and that as the matter now stands in this cause the district court of Austin County, Texas, has no power nor authority to restrain the Commissioners' Court of Austin County, Texas, from the exercise of their general original jurisdiction in the matter of contemplating the report of the jury of view in, and the matter of approving or rejecting the same.

"Wherefore, it is ordered, adjudged and decreed by this court that the restraining order heretofore granted in this cause restraining the Commissioners' Court from receiving said report of the jury of view and approving the same, or appointing another jury of view, be, and the same is hereby set aside, and said cause is stricken from the docket of this court, as prematurely filed, and as not cognizable in this court for the want of potential jurisdiction; and that all costs in this cause incurred are hereby adjudged against the plaintiffs."

We have no doubt of the correctness of this judgment upon the fact findings therein recited, of which no complaint is made and which are amply sustained by the evidence. The proposition that commissioners' courts are courts of general jurisdiction in all matters over which they are given jurisdiction by our Constitution and statutes, and that the judgments of these courts are entitled to the same consideration as those of other constitutional courts, is well settled by the decisions of our Supreme and appellate courts. Williams v. Ball, 52 Tex. 603, 36 Am. Rep. 730; Bradford v. Moseley et al. (Tex. Com. App.) 223 S. W. 171. The revisory power of the district court over the judgments of a commissioners' court can only be called into exercise when it acts beyond its jurisdiction or in clear abuse of the discretion conferred upon it by the statute in the matter of the establishment of public roads. Bourgeois v. Mills, 60 Tex. 76; Currie v. Glasscock County (Tex. Civ. App.) 183 S. W. 1193; Schramm v. Knolle et al. (Tex. Civ. App.) 240 S. W. 612.

Certainly no such power or jurisdiction exists in the district court when the commissioners' court has made no final order on the application for the establishment of a road, and has not reached any conclusion on the question of the necessity for the establishment of the road of which complaint is made. Until such action is taken by the commissioners' court, no question of the abuse of its discretion can be raised.

The finding of the trial court eliminates the question of failure of proper notice of the petition for the establishment of the road.

We cannot agree with appellant that the petition for the road should allege in express terms that a "public necessity exists" for the establishment of the proposed road. All that is required by the statute in an application for the establishment of a public road is that it "be * * * signed by at least eight freeholders in the precinct in which such road is desired to be made * * * specifying in such petition the beginning and termination of such road." Rev. St. 1925, art. 6705.

The court is only authorized to grant the application when the facts adduced upon the hearing justify the conclusion that the road is necessary for public convenience. But such conclusion need not be alleged in the application in order to invoke the jurisdiction of the court to hear and determine the question of public necessity. The technical rules of pleading have no application in a matter of this kind. The judgment must be affirmed, and it is so ordered.

Affirmed.