

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00651-CV

Philip Wayne **HINDES** and Melinda Hindes Eustace,
Appellants

v.

**LA SALLE COUNTY, TEXAS**; the Honorable Joel Rodriguez, Jr., in his official capacity as
County Judge, La Salle County, Texas; and the Honorable Raul Ayala, in his official capacity as
County Commissioner, Precinct 4, La Salle County, Texas,
Appellees

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 12-09-00179-CVL
Honorable Dick Alcala, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Karen Angelini, Justice
               Rebeca C. Martinez, Justice
               Jason Pulliam, Justice

Delivered and Filed:  August 26, 2015

AFFIRMED

In this interlocutory appeal, appellants Philip Wayne Hindes and Melinda Hindes Eustace

challenge the granting of the plea to the jurisdiction filed by appellees La Salle County, Texas; the

Honorable Joel Rodriguez, Jr., in his official capacity as County Judge, La Salle County, Texas;

and the Honorable Raul Ayala, in his official capacity as County Commissioner, Precinct 4, La

Salle County, Texas (collectively referred to as "La Salle County" or "the County"). We affirm

the judgment of the trial court.

**BACKGROUND**

The Hindes family[1] owns a ranch located in La Salle County. There are a number of roads that cross the ranch, one of which is called "the Private Easement"[2] (hereinafter referred to as "the Road"). In April 2003, Thomas Michael Townsend, Sr., Townsend Mineral Company, LP, and TMT Management, LLC (collectively referred to as "Townsend") acquired a tract of land located to the south of Hindes' property. Shortly after Townsend acquired the property, he requested permission to access the Road, and Hindes denied permission, contending that the Road is, and has always been, private.

In September 2012, Townsend sued Hindes seeking declarations that he had rights to use the Road by dedication, by easement by necessity, and by implied easement or prescription. Hindes filed a counterclaim for trespass, and also sought permanent injunctive relief to prevent Townsend from using or attempting to use the Road.

Thereafter, the parties filed competing motions for partial summary judgment. The Honorable Donna S. Rayes, presiding judge of the 81st Judicial District Court, La Salle County, Texas, signed an "Order on Plaintiffs' & Defendants' Cross Motions for Partial Summary Judgment & Defendants' Objections to Plaintiffs' Summary Judgment Evidence." First, the trial court denied Townsend's traditional motion for partial summary judgment and no evidence motion for partial summary judgment "as to the Trespass Claim and as to each of the Adverse Possession Statutes." Second, the trial court granted Hindes's traditional motion for partial summary judgment as to Townsend's "Express Dedication Claim, Private Dedication Claim, Easement by

---

[1] In 1995, members of the Hindes family, including Philip Wayne Hindes and Melinda Hindes Eustace, partitioned their interests in the Hindes Family property. Philip acquired 1,034.07 acres and Melinda acquired 1,024.40 acres. The Road at issue travels on the tracts owned by Philip and Melinda. Any reference to "Hindes's property" is to Philip's and Melinda's tracts.

[2] Hindes's Third-Party Plaintiffs' Original Petition and Application for Temporary and Permanent Injunction refers to the road in dispute in this suit as "the Private Easement."

Necessity Claim and Easement by Estoppel Claim," and ordered that Townsend take nothing against Hindes on those claims. Third, the trial court also denied Hindes's first supplemental traditional motion for partial summary judgment as to Townsend's "Implied Dedication Claim and Easement by Prescription Claim, which remain pending." Fourth, the trial court granted Hindes's no evidence motion for partial summary judgment as to Townsend's trespass to try title claim, and ordered that Townsend take nothing against Hindes on Townsend's trespass to try title claim. And fifth, the trial court denied Hindes's no evidence motion for partial summary judgment as to Townsend's "Implied Dedication and Prescriptive Easement Claims, which remain pending."

At a January 14, 2013 La Salle County Commissioners Court meeting, the commissioners voted to declare a public interest in the Road. On November 26, 2013, the commissioners voted to amend the January 2013 order so that it would be clear that the finding of a public interest extended to the entirety of the Road ("from the Frio River to Highway 97" as reflected in the 1911 plat) and entered a clarifying order accordingly. Hindes maintained that he did not have notice of this meeting and did not have an opportunity to participate in it.

Townsend subsequently began using or attempting to use the Road, and Hindes obtained a temporary restraining order barring Townsend from using the road or entering his property. After a hearing on January 9, 2014, a temporary injunction was entered prohibiting Townsend from using the Road "in any manner or for any purpose," entering Hindes's property, or authorizing any party to use the Road or enter Hindes's property "at any time or for any purpose." The temporary injunction order was not appealed and remains in place.

On April 4, 2014, Townsend filed an application with the commissioners court asking the court to declare the Road a public road pursuant to section 251.053 of the Texas Transportation Code. *See* TEX. TRANSP. CODE. ANN. § 251.053 (West 2013). Agendas for the May 2014 regular

meeting and June 2014 special meeting reflect that Townsend's Chapter 251 application was discussed by the commissioners.

On June 6, 2014, Hindes filed a "Third-Party Plaintiffs' Original Petition and Application for Temporary and Permanent Injunction" against La Salle County, seeking a declaration that the commissioners court lacked authority to "accept" or "consider" Townsend's Chapter 251 application. Hindes alleged that Townsend failed to demonstrate the necessity required to grant access under Chapter 251. *See id.* Hindes further alleged that the issue of necessity had already been adjudicated by virtue of the summary judgment on Townsend's easement by necessity claim. Hindes also asserted that the commissioners court could not consider the Chapter 251 application because the trial court had continuing, dominant jurisdiction over matters related to the Road.[3] Hindes additionally requested temporary and permanent injunctive relief.

La Salle County responded to the third-party petition by filing its "Plea to the Jurisdiction and Original Answer," chiefly arguing that the third-party petition violates the separation of powers doctrine and that Hindes's claims are not ripe because the commissioners court has not taken any action on the Chapter 251 application. The County also asserted that Hindes's third-party claims are barred by governmental immunity.

The trial court heard the County's First Amended Plea to the Jurisdiction and agreed that Hindes's claims were not ripe. The trial court granted the County's First Amended Plea to the Jurisdiction and dismissed all claims against the County without prejudice. Hindes now appeals.

### DISCUSSION

In arguing that the trial court erred in granting the County's plea to the jurisdiction, Hindes contends we must address: (1) whether the trial court erred in not acting to protect its own

---

[3] Hindes further alleged that, "Since Third-Party Plaintiffs seek declaratory relief only with respect to the claim asserted in the Third-Party Petition, the defenses of governmental/sovereign immunity do not apply."

jurisdiction over matters related to Hindes's private road; and (2) whether the trial court erred in determining that Hindes's claims against the County were not ripe.

### *Standard of Review*

A plea to the jurisdiction challenges a trial court's subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224-26 (Tex. 2004); *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Stevens*, 330 S.W.3d 335, 337-38 (Tex. App.—San Antonio 2010, no pet.). Subject matter jurisdiction is a question of law that we review de novo. *Miranda*, 133 S.W.3d at 228. When reviewing a ruling on a motion to dismiss for lack of jurisdiction, "we accept the allegations in the petition as true and construe them in favor of the pleader." *Bexar Cnty. v. Lopez*, 94 S.W.3d 711, 713 (Tex. App.—San Antonio 2002, no pet.). In addition to the pleadings, we may also consider relevant evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). If the evidence creates a question of fact regarding the jurisdictional issue, the plea to the jurisdiction cannot be granted, and the fact issue is left to be resolved by the fact-finder. *Miranda*, 133 S.W.3d at 227-28. But if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. This standard generally mirrors that of a traditional summary judgment. *Id.*; *see* TEX. R. CIV. P. 166a(c).

Subject matter jurisdiction requires that the party bringing the suit have standing, that there is a live controversy between the parties, and that the case be justiciable. *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). Ripeness is an element of subject matter jurisdiction, and is a legal question subject to *de novo* review. *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In evaluating ripeness, we consider whether, at the time a lawsuit is filed, the facts are sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote. *Robinson*, 353

S.W.3d at 755; *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000); *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). The ripeness analysis focuses on whether the case involves uncertain or contingent future events that may not occur as anticipated or may not occur at all. *Robinson*, 353 S.W.3d at 755; *Patterson*, 971 S.W.2d at 442. A case is not ripe when determining whether a plaintiff has a concrete injury depends on contingent or hypothetical facts. *Waco Indep. Sch. Dist.*, 22 S.W.3d at 852. The ripeness doctrine serves to avoid premature adjudication. *Patterson*, 971 S.W.2d at 442.

*Analysis*

We begin by addressing the threshold issue of ripeness, because if a claim is not ripe for review, the trial court has no jurisdiction to consider it. Hindes's sole claim against the County is that the County "did not have authority to accept Townsends' 251 Application, because the Townsends failed to demonstrate a necessity for access to [Hindes's] property as required by the statute." Hindes thus sought a declaration that the County does "not have authority to consider the Townsend 251 Application because there has not been a demonstration of the requisite necessity for access so as to confer such authority upon [the County] and because any consideration of the 251 Application interferes with the Court's jurisdiction over the Lawsuit[.]" A commissioners court has general jurisdiction and power over the subject matter of laying out and establishing public roads. *See* TEX. TRANSP. CODE. ANN. § 251.051 (West 2013). "A person who owns real property to which there is no public road or other public means of access may request that an access road be established connecting the person's real property to the county public road system by making a sworn application to the commissioners court requesting the court to establish the road." *Id*. § 251.053(b) (West 2013). "The application must: (1) designate the lines sought to be opened; (2) include the names and places of residence of the persons that would be affected by the establishment of the road; and (3) describe why the road is necessary." *Id*.

Hindes argues that the County cannot consider Townsend's application because he did not comply with the third requirement. The statute, however, does not provide that the commissioners must immediately deny or reject an application that does not meet all three requirements. Rather, case law indicates that the commissioners are without authority to *grant* an application *and to order* the opening of a public road where the application is deficient. *See Phillips v. Naumann*, 154 Tex. 153, 156, 275 S.W.2d 464, 466 (Tex. 1955). Here, there has been no allegation by Hindes that the commissioners granted Townsend's application. To the contrary, Hindes's pleadings allege that the commissioners "accepted" Townsend's application and that the application "remains pending." We find *Schiller v. Duncan*, 21 S.W.2d 571 (Tex. App.—Galveston 1929, no writ), to be analogous. In that case, a landowner filed a petition to restrain the county judge and members of the county commissioners court from considering an application to establish a public road. *Id*. at 571. The landowner alleged that the application failed to allege a public necessity for a road in the location designated in the petition. *Id*. at 571-72. The county defendants filed a plea to jurisdiction, arguing that, because the commissioners court had taken no final action upon the application for establishment of the road, the lawsuit was premature. *Id*. at 572. The trial court agreed and granted the plea to the jurisdiction. *Id*. at 572-73. The appellate court affirmed, holding:

> Certainly no such power or jurisdiction exists in the district court when the commissioners' court has made no final order on the application for the establishment of a road, and has not reached any conclusion on the question of the necessity for the establishment of the road of which complaint is made. Until such action is taken by the commissioners' court, no question of the abuse of its discretion can be raised.

*Id. at* 573.

Here, we are likewise presented with a scenario where the commissioners court has not yet made a "final order" on the application for the establishment of a road. Because the Chapter 251

application "remains pending" and because the commissioners court has not yet ruled upon the application, we conclude that Hindes cannot show that he has suffered a "concrete injury" as a result of any action by the commissioners court. *See Robinson*, 353 S.W.3d at 755; *Patterson*, 971 S.W.2d at 442.

Further, Hindes has not shown that future injury is imminent. In his brief, Hindes contends that "[t]he only conclusion to draw from this record is that the La Salle County Defendants are going to grant the Townsends' Chapter 251 application." Hindes bases this contention on the fact that one of the commissioners believes the Road is a public road; that the County has authorized an attorney to procure a title policy on the Road; and that the County Judge believes that the Road should be open to the public. Even assuming these contentions are true,[4] we do not agree that they amount to a foregone conclusion that the commissioners court will grant Townsend's Chapter 251 application. Our supreme court has cautioned against issuing advisory opinions, stating, "avoiding premature litigation prevents courts from 'entangling themselves in abstract disagreements over administrative policies' while at the same time serving to 'protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Patterson*, 971 S.W.2d at 443 (citations omitted). In *Patterson*, the plaintiffs sought to strike down an appropriations rider, which was predicted to cause them to lose federal funding. *Id*. at 440. The court held the claims were not ripe because neither the state agency charged with disbursing the federal funds, nor the federal agency responsible for the regulations, had yet to determine what actions they would take to implement the rider. *Id*. at 444. Because the commissioners court has yet to rule on Townsend's Chapter 251 application, we

---

[4] We question whether statements made by individual members of the commissioners court constitute evidence of how the entire court will vote. *See Canales v. Laughlin*, 147 Tex. 169, 176, 214 S.W.2d 451, 455 (1948) ("[I]ndividual commissioners have no authority to bind the county by their separate action.").

cannot agree that Hindes has shown that he will suffer imminent harm. We thus conclude Hindes's alleged injury remains contingent and that his claim is not ripe for review. *See id.* at 443 ("A case is not ripe when its resolution depends on contingent or hypothetical facts, *or upon events that have not yet come to pass*.") (emphasis added). In light of our holding that Hindes's claim is not ripe for review, we need not address his complaint that the trial court erred in not acting to protect its own jurisdiction over matters related to the Road. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Based on the foregoing, we affirm the trial court's order granting the County's plea to the jurisdiction and dismissing Hindes's claims against the County without prejudice. *See Save Our Springs Alliance v. City of Austin*, 149 S.W.3d 674, 685 (Tex. App.—Austin 2004, no pet.) ("Because a finding that a claim is not ripe results in dismissal without prejudice, the judgment here does not prevent appellants from litigating the merits of their claims in the future.").

Rebeca C. Martinez, Justice