ACCEPTED
04-14-00651-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/5/2015 8:16:47 PM
KEITH HOTTLE
CLERK

No. 04-14-00651-CV

# In the Fourth Court of Appeals
# San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
2/5/2015 8:16:47 PM
KEITH E. HOTTLE
Clerk

──────── ♦ ────────

Philip Wayne Hindes and Melinda Hindes Eustace,

*Appellants*,

v.

**La Salle County, Texas; Hon. Joel Rodriguez, Jr., in his Official Capacity as County Judge, La Salle County, Texas; and Hon. Raul Ayala, in his Official Capacity as County Commissioner, Precinct 4, La Salle County, Texas,**

*Appellees*.

──────── ♦ ────────

On Appeal from the 81st District Court, La Salle County, Texas
Cause No. 12-09-00179-CVL

──────── ♦ ────────

## BRIEF OF APPELLEES

──────── ♦ ────────

CHRISTOPHER S. JOHNS
Texas Bar No. 24044849
JOHNS MARRS ELLIS & HODGE LLP
805 West 10th Street, Suite 400
Austin, Texas 78701
(512) 215-4078
(512) 628-7169 fax
cjohns@jmehlaw.com

MICHAEL SHAUNESSY
*Counsel of Record*
Texas Bar No. 18134550
MCGINNIS LOCHRIDGE LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000
(512) 495-6093 fax
mshaunessy@mcginnislaw.com

*Attorneys for Appellees La Salle County, Texas; Hon. Joel Rodriguez, Jr.; and Hon. Raul Ayala*

**ORAL ARGUMENT NOT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

### Parties to the Trial Court's Judgment

| | |
|---|---|
| Plaintiffs/Counter-Defendants: | Thomas Michael Townsend, Sr.; TMT Management, LLC; and Townsend Mineral Company, LP |
| Defendants/Counter-Plaintiffs and Third-Party Plaintiffs/Appellants: | Philip Wayne Hindes and Melinda Hindes Eustace |
| Third-Party Defendants/Appellees: | La Salle County, Texas; Hon. Joel Rodriguez, Jr., In His Official Capacity As County Judge, La Salle County, Texas; and Hon. Raul Ayala, In His Official Capacity As County Commissioner, Precinct 4, La Salle County, Texas |

### Names and Addresses of Trial and Appellate Counsel

| | |
|---|---|
| Counsel for Plaintiffs/Counter-Defendants: | Dan Miller<br>MCELROY, SULLIVAN, MILLER, WEBER & OLMSTEAD, LLP<br>P.O. Box 12127<br>Austin, Texas 78711<br>dmiller@msmtx.com |
| Counsel for Defendants/Counter-Plaintiffs and Third-Party Plaintiffs/Appellants: | **Appellate Counsel:**<br>Samuel V. Houston, III<br>HOUSTON DUNN, PLLC<br>4040 Broadway, Suite 440<br>San Antonio, Texas 78209<br>sam@hdappeals.com |

ii

**Trial/Appellate Counsel:**
Jorge C. Rangel
Jaime C. Rangel
THE RANGEL LAW FIRM, P.C.
615 North Upper Broadway, Suite 2020
Corpus Christi, Texas  78401
jorge.c.rangel@rangellaw.com
jaime.rangel@rangellaw.com

J. Byron "Trace" Burton, III
Ezra A. Johnson
UHL, FITZSIMONS, JEWETT & BURTON, PLLC
4040 Broadway, Suite 430
San Antonio, Texas  78209
tburton@ufjblaw.com
ejohnson@ufjblaw.com

Counsel for
Third-Party
Defendants/Appellees:

**Appellate Counsel:**
Christopher S. Johns
JOHNS, MARRS, ELLIS & HODGE, LLP
805 West 10th Street, Suite 400
Austin, Texas  78701
cjohns@jmehlaw.com

**Trial/Appellate Counsel:**
Michael A. Shaunessy
MCGINNIS LOCHRIDGE, LLP
600 Congress Avenue, Suite 2100
Austin, Texas  78701
mshaunessy@mcginnislaw.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ......................................................................ii

TABLE OF CONTENTS ............................................................................................iv

INDEX OF AUTHORITIES .......................................................................................vii

STATEMENT OF THE CASE ...................................................................................... 1

STATEMENT REGARDING ORAL ARGUMENT ....................................................... 3

ISSUES PRESENTED ................................................................................................. 3

STATEMENT OF FACTS ............................................................................................ 5

          A.     The Underlying Suit ............................................................. 5

          B.     Appellants' Allegations Against La Salle County ............................ 6

          C.     Causes of Action and Alleged Basis for Jurisdiction
                 Contained in Third-Party Petition. ...................................... 10

SUMMARY OF THE ARGUMENT .............................................................................. 12

ARGUMENT.............................................................................................................. 14

I.      Standard of Review ......................................................................... 14

II.     The Trial Correctly Granted Appellees' Plea to the Jurisdiction Because
       Appellants Lacked Standing and Their Claims were not Ripe ............................. 16

          A.     Appellants lack standing because they do not allege that they have
                already sustained a concrete injury traceable to actions taken by La
                Salle County ............................................................... 18

          B.     Appellants' Claims are Not Ripe Due to Their Inability to Establish
                 That Future Injury is Imminent ......................................... 19

III.    La Salle County's Immunity from Suit Deprived the Trial Court of
       Jurisdiction. ............................................................................. 24

A.    La Salle County Enjoys Immunity from Suit Which Bars Appellants' Suit, Thereby Denying the District Court Jurisdiction Over La Salle County. .............................................................................. 25

  1.    Sovereign Immunity, in part, Serves to Preserve Separation of Powers by Preventing Litigants from Using Courts to Control Other Branches of Government. ..................................... 26

  2.    Immunity from Suit is a Component of Sovereign/ Governmental Immunity. .............................................. 27

B.    Appellants' Third-Party Petition Failed to Establish Subject Matter Jurisdiction Because it did not Allege Either that Immunity does not Apply or that Immunity has been Waived. ................................ 28

  1.    La Salle County Commissioners Court did not exceed its authority, thus, precluding the District Court from exercising Supervisory Jurisdiction .................................. 29

    a.    Appellants did not establish grounds for the trial court to exercise supervisory jurisdiction .................................... 31

  2.    "Dominant Jurisdiction" did not empower the District Court to Enjoin the La Salle County Commissioners Court from Considering the 251 Application." .................................. 38

    a.    Appellants Cannot Establish the Conditions for Assertion of Dominant Jurisdiction Are Present in this Case. ................................................................. 38

    b.    Dominant Jurisdiction Is Not Applicable to Prohibit Commissioners Courts from Exercising Powers Entrusted to them by Law. ................................. 42

  3.    Appellants cannot establish that La Salle County committed an ultra vires act in connection with the Road. ............................. 45

    a.    Appellants' pleadings were insufficient to allege La Salle County Acted Beyond its Authority and, thus, did not plead an Ultra Vires Claim. .................................... 45

  4.    Appellants cannot establish a waiver of immunity from suit under the Uniform Declaratory Judgment Act. ................................ 47

v

IV.     The Separation-of-Powers Doctrine Reinforces the Propriety of the Trial Court's Decision to Grant the Plea to the Jurisdiction. ........................................... 48

CONCLUSION ...................................................................................................... 51

PRAYER ............................................................................................................... 52

CERTIFICATE OF COMPLIANCE ....................................................................... 53

CERTIFICATE OF SERVICE ............................................................................... 54

# INDEX OF AUTHORITIES

**CASES**

*American Pawn and Jewelry, Inc. v. Kayal*, 923 S.W.2d 670 (1996) ..................... 39

*Andrews v. Utica Mut. Ins. Co.*, 647 S.W.2d 22 (1982) .......................................... 39

*Bagg v. Univ. of Tex. Med. Branch*, 726 S.W.2d 582 (Tex. App.—
Houston [14th Dist.] 1987, writ ref'd n.r.e). ................................................. 45

*Ben Bolt Palito Blanco Consol. Ind. Sch. Dist. v. Tex. Political
Subdivisions Prop. Cas. Self Ins. Fund*, 212 S.W.3d 320 (Tex.
2006) ............................................................................................................. 26

*Bird v. Alexander,* 288 S.W. 606 (Tex. Civ. App.—Dallas 1926, no writ) ............. 36

*Canales v. Laughlin*, 147 Tex. 169, 214 S.W.2d 451 (1948) ..................... 22, 23, 42

*Casco v. Cameron County Attorney*, 319 S.W.3d 205 (Tex. App.—
Corpus Christi 2010, no pet.) ........................................................................ 30

*City of Canyon v. McBroom*, 121 S.W.3d 410 (Tex. App.—Amarillo
2003, no pet. h.) ............................................................................................ 15

*City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009) ................... 26, 31, 45, 47

*City of Houston v. Arney*, 680 S.W.2d 867 (Tex. App.—Houston [1st
Dist.] 1984, no writ) ...................................................................................... 28

*City of Houston v Rhule*, 417 S.W.3d 440 (Tex. 2013) .......................................... 18

*City of Houston v. Williams*, 216 S.W.3d 827 (Tex. 2007) ..................................... 47

*City of Weslaco v. Cantu*, 2004 WL 210790 (Tex. App.—Corpus Christi,
2004, no pet.) ................................................................................................ 15

*County of Cameron v. Brown*, 80 S.W.3d 549 (Tex. 2002) ..................................... 15

*County of Hays v. Alexander*, 640 S.W.2d 73 (Tex. App.—Austin 1982, no writ)........................................................................................ passim

*Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505 (Tex. App.—Austin 2010, no pet.)....................................47

*Curtis v. Gibbs,* 511 S.W.2d 263 (Tex. 1974) (orig. proceeding) ............................38

*Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540 (Tex. 2003)............... 14, 15

*Dallas Fire Ins. Co. v. Davis*, 893 S.W.2d 288 (Tex. App.—Dallas 1995, no writ)........................................................................................40

*Eastex Wildlife Conservation Ass'n v. Jasper*, 450 S.W.2d 904, 907 (Tex. Civ. App.—Beaumont 1970, writ ref'd n.r.e.)....................................23

*Ector County v. Springer*, 843 S.W.2d 477 (Tex. 1992) .................................. 29, 31

*El Paso County Comm'rs Court*, 281 S.W.3d 16 (Tex. App. 2005)..... 31, 36, 37, 44

*Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401 (Tex. 1997).........................................27

*Foree v. Crown Central Petroleum Corp.*, 431 S.W.2d 312 (Tex. 1968)...............39

*Grayson County v. Harrell*, 202 S.W. 160 (Tex. Civ. App.—Amarillo 1918, writ ref'd) ........................................................................................48

*Hardin Cty. Community Supervision and Corrections Dep't v. Sullivan*, 106 S.W.3d 186 (Tex. App.—Austin 2003, pet. denied) ..............................15

*Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838 (Tex. 2009) .................................................................................... 25, 27

*Haverbekken v. Coryell County,* 112 Tex. 422, 247 S.W. 1086 (1923)..... 35, 42, 43

*Haverbekken v. Hale*, 109 Tex. 106, 204 S.W. 1162 (1918).......................... 32, 43

*Hays County v. Hays County Water Planning P'ship*, 106 S.W.3d 349 (Tex. App.—Austin 2003, no pet.)...................................................... 23, 42

*Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468 (Tex. 2012)...................15

*Heckman v. Williamson County*, 369 S.W.3d 137 (Tex. 2012)...............................19

*Heigel v. Wichita County*, 84 Tex. 392, 19 S.W. 562 (1892) ...................................25

*Hooten v. Enriquez*, 863 S.W.2d 522 (Tex. App.—El Paso 1993, no writ)...................................................................................... 30, 31, 48

*In re Luby's Cafeterias, Inc.*, 979 S.W.2d 813(Tex. App.—Houston [14th Dist.] 1998,........................................................................ 39, 40, 50

*In re Puig*, 351 S.W.3d 301 (Tex. 2011) .................................................................38

*In re Servicios Legales de Mesoamerica S. de R.L.*, No. 13-12-00466-CV, 2014 WL 895513(Tex. App.—Corpus Christi Mar. 6, 2014, , orig. proceeding) ..............................................................................41

*In the Matter of El Paso County Courthouse*, 765 S.W. 2d 876, 880 (Tex. App—El Paso 1989, no writ) ..............................................................41

*Kavanaugh v. Underwriters Life Ins. Co.*, 231 S.W.2d 753 (Tex. Civ. App.—Waco 1950, writ ref'd) ........................................................40

*Leach v. Tex. Tech Univ.*, 335 S.W.3d 386 (Tex. App.—Amarillo 2011, writ denied)...........................................................................................47

*Lens Express, Inc. v. Ewald*, 907 S.W.2d 64 (Tex. App.—Austin 1995, no writ).................................................................................................40

*Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297 (Tex. 1976)...........................................25

*Maples v. Henderson County*, 259 S.W.2d 264, 268 (Tex. Civ. App.—Dallas 1953, writ ref'd n.r.e) .................................................................23

*Matter of El Paso County Courthouse*, 765 S.W.2d 876 (Tex. App.—El Paso 1989, no writ) ........................................................... 31, 37, 38, 44

*Mayhem v. Town of Sunnyvale*, 964 S.W.2d 922 (Tex. 1998) ...............................14

*Nueces County v. Ferguson*, 97 S.W.3d 205 (Tex. App.—Corpus Christi 2002, no pet.) ..............................................................................25

*Perry v. Del Rio*, 66 S.W.3d 239 (Tex. 2006) ................................................. 17, 21

*Phillips v. Naumann*, 154 Tex. 153, 275 S.W.2d 464 (1955)....................................32

*Robinson v. Parker*, 353 S.W.3d 753 (Tex. 2011) ........................................... 16, 23

*Rolling Plains Groundwater Conservation Dist. v. City of Aspermont*,
    353 S.W.3d 756 (Tex. 2011) .......................................................................25

*Rusk State Hospital v. Black*, 392 S.W.3d 88 (Tex. 2012) .....................................26

*Schiller v. Duncan*, 21 S.W.2d 571 (Tex. Civ. App.—Galveston 1929,
    no writ)........................................................................................... passim

*Smith v. Lutz*, 149 S.W.3d 752 (Tex. App.—Austin 2004, no. pet. h.) ............ 47, 48

*State Bar v. McGee*, 972 S.W.2d 770 (Tex. App.—Corpus Christi 1998,
    no writ).......................................................................................................39

*State v. Lueck*, 290 S.W.3d 876 (Tex. 2009) ........................................................27

*Tex. Ass'n of Bus. v. Tex. Air Control*, 852 S.W.2d 440 (Tex. 1993)... 14, 15, 16, 22

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004)..............14

*Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*,
    145 S.W.3d 170 (Tex. 2004) .......................................................................26

*Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636 (Tex. 1999).............................. 27, 28

*Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864 (Tex. 2002) .............................15

*Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618 (Tex. 2011) ..............................26

*Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628
    (Tex. 2010) .................................................................................................47

*Tex. Natural Res. Conservation Comm'n v. IT Davy*, 74 S.W.3d 849
    (Tex. 2002) .................................................................................................27

*Texas Dept. of Ins. v. Reconveyance Servs., Inc.*, 240 S.W.3d 418(Tex.
    App.—Austin 2007), ..................................................................................18

*United Services Life Ins. Co. v. Delaney*, 396 S.W.2d 855) (Tex. 1965)................39

x

*Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104 (Tex. 1981) ............................................................................................. 29, 30, 32

*Vondy v. Comm'rs Court of Uvalde County*, 714 S.W.2d 714 S.W.2d 417(Tex. App.—San Antonio 1986, writ ref'd n.r.e.) ................................ 30, 32

*Waco Indep. Sch. Dist v. Gibson*, 22 S.W3d 849 (Tex. 2000) ........................ passim

*Weber v. City of Sachse*, 591 S.W.2d 563 (Tex. Civ. App.—Dallas 1979, writ dism'd) ...................................................................................49

*Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692 (Tex. 2003).................. 16, 26

*Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245 (Tex. 1988) ...................................40

## STATUTES

Rev. Civ. Stat. Art. 1908 ..................................................................... 29, 36

Tex. Rev. Civ. Stat. Art. 6704 ...................................................................34

Tex. Const. Art. II, §1 .......................................................................... 48, 50

Tex. Const. Art. V, § 8 ...................................................................... 29, 36, 43

Texd. Const. Art. V, § 18 ....................................................................... 29, 42

Tex. Gov't Code Ann. § 24.020 .....................................................................43

Tex. Transp. Code §251.052 ..................................................................... 33, 46

Texas Transp. Code § 251.053 ...................................................................... 8, 41

## RULES

Tex. R. Civ. P. 97(a).............................................................................40

Tex. R. App. P. 9.4...............................................................................54

## OTHER AUTHORITIES

2 Tex. Jur. 3d Administrative Law § 78 (1995).......................................................39

## STATEMENT OF THE CASE

Appellants are parties to a lawsuit with adjoining land owners, the Townsends,[1] regarding Appellants' ownership and right to control a roadway (the "Road") that crosses Appellants' property. Appellees La Salle County, Texas; the Honorable Joel Rodriguez, Jr., County Judge of La Salle County, Texas; and the Honorable Raul Ayala, County Commissioner, Precinct Four, La Salle County, Texas (collectively "La Salle County") were joined as third-party defendants to an underlying suit by the Appellants.

Appellants' Third-Party Petition sought an injunction prohibiting the La Salle County Commissioners Court from considering an application filed by the Townsends under Chapter 251 of the Texas Transportation Code seeking to open the Road to the public. Appellants also sought a declaration that the La Salle County Commissioners Court acted *ultra vires* when it "accepted" the Townsends' 251 application. Finally, Appellants claimed that the District Court could exercise supervisory jurisdiction or dominant jurisdiction over the La Salle County Commissioners Court.

La Salle County filed a plea to the jurisdiction seeking to dismiss all of Appellants' claims against La Salle County. The plea to the jurisdiction asserted

---

[1] The "Townsends" include Thomas Michael Townsend, Sr.; TMT Management, LLC; and Townsend Mineral Company, LP.

1

that, even taking all the allegations in the Third-Party Petition as true: (1) Appellants' claims were not ripe; (2) La Salle County enjoyed immunity from suit; (3) La Salle County Commissioners Court had not taken any action that would invoke the District Court's supervisory jurisdiction; and (4) La Salle County Commissioners Court has not taken any action that could constitute an *ultra vires* act.

After hearing arguments on La Salle County's First Amended Plea to the Jurisdiction, District Judge Dick Alcala granted the plea. Appellants then brought this interlocutory appeal from the order granting the plea to the jurisdiction.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary in this matter. The proper resolution of Appellants' arguments are clear from the face of their petition: their claims are not presently justiciable, they have not pleaded a valid waiver of the La Salle County Defendants' governmental immunity, and they offer no good reason for a district court to entangle itself in supervising the deliberations of a body of the co-equal legislative branch of government. Granting the plea to the jurisdiction was indisputably correct, and oral argument is not needed to resolve the questions presented by this appeal. However, should the Court wish to hear argument from the parties, the La Salle County Defendants request to participate.

## ISSUES PRESENTED

This case presents the following issues:

**Standing and Ripeness:**

1. Whether Appellants had standing to bring suit where they do not allege any actions were taken by the La Salle County Commissioners Court that impacted their ownership or control of the Road.

2. Whether the "threat" of possible action in the future that might or might not impact ownership or control of the Road are sufficient to make Appellants' claims against La Salle County ripe for adjudication.

3

**Governmental Immunity and Separation of Powers:**

3. Whether Appellants' allegation that the La Salle County Commissioners Court "accepted" the Townsends' 251 application and/or declared a "public interest" in the Road is sufficient to invoke the District Court's limited supervisory jurisdiction over commissioners courts.

4. Whether Appellants plead an "*ultra vires*" claim under the Declaratory Judgment Act when they alleged that the La Salle County Commissioners Court "accepted" the Townsends' 251 application and/or declared a "public interest" in the Road.

5. Whether the Trial Court could enjoin the La Salle County Commissioners Court from taking any action on the Townsends' 251 application under the doctrine of dominant jurisdiction.

6. Whether Appellants otherwise plead a waiver of immunity from suit where they alleged the La Salle County Commissioners Court "accepted" the Townsends' 251 application and/or declared a "public interest" in the Road.

7. Whether the Trial Court would have violated the separation of powers doctrine by enjoining the La Salle County Commissioners Court from considering the Townsends' 251 application.

TO THE HONORABLE FOUTH COURT OF APPEALS:

Appellees La Salle County, Texas; the Honorable Joel Rodriguez, Jr., in his Official Capacity as County Judge, La Salle County, Texas; and the Honorable Raul Ayala, in his Official Capacity as County Commissioner, Precinct Four, La Salle County, Texas (collectively "La Salle County") respectfully file their brief arguing for this Court to affirm the Trial Court's granting of their First Amended Plea to the Jurisdiction.

## STATEMENT OF FACTS

### A. The Underlying Suit

Appellants and the Townsends were the original parties to the underlying suit. Appendix, p.1; [2] CR, p. 297. Appellants and the Townsends own adjacent property in La Salle County. Appendix, p.5; CR, p. 300.

According to Appellants' Third-Party Petition, the Townsends brought the underlying suit against Appellants asserting the right to use the Road based on various legal theories, claiming a right to use the Road and challenging Appellants' ownership of the Road. Appendix, p. 6; CR, p. 301. Appellants filed a counter-

---

[2] Page three of Third-Party Plaintiffs' Original Petition and Application for Temporary and Permanent Injunction was inadvertently left out of the appellate record. For ease of reference, and to ensure a complete copy of Appellants' live pleading is before the Court, Appellees have attached a complete copy (including the missing page three, excluding exhibits, in their Appendix attached hereto.

claim against the Townsends for trespass and sought a permanent injunction to prevent the Townsends from using the Road or other roads on Appellants' property. Appendix, p.4; CR, p. 299. Appellants and Townsends filed competing motions for summary judgment. Appendix, p. 4; CR, p. 299. The Trial Court ruled that the Townsends take nothing on various claims they brought seeking access to the Road. Appendix, p.4; CR, p. 299.

Appellants sought a temporary injunction prohibiting the Townsends, their agents and invitees from using the Road. Appendix, p. 4; CR, p. 299. Appellants allege that the Townsends claimed the right to use the road based on actions of the La Salle County Commissioners Court. Appendix, p.4; CR, p. 299. The Trial Court entered a temporary restraining order and, later, a temporary injunction restraining the Townsends from using the Road. Appendix, pp. 4-5; CR, pp. 299-300.

B.     Appellants' Allegations Against La Salle County

Appellants' live pleading[3] contains only three paragraphs (paragraphs 1.15-1.17) which contain any allegations related to La Salle County. Appendix, pp. 6-7; CR, pp. 301-302.

---

[3] La Salle County challenged whether Appellants' pleading alleged sufficient facts to establish a waiver of immunity from suit. Accordingly, the Trial Court and this Court's determination of whether Appellants met their burden of establishing a waiver of immunity from suit is limited to reviewing the facts alleged in Appellants' live pleading. *Texas Dept. of Parks and Wildlife v.*

6

Paragraph 1.15 alleges that, in January and November of 2013, "the Townsends and the Martin Family requested that the La Salle County Commissioners' Court [*sic*] open the Private Easement to the public." Appendix, p. 6; CR, p. 301 (emphasis added). Appellants further allege that "representatives of the Townsends and the Martin Family appeared together before the La Salle County Commissioners' [*sic*] Court to request that the Commissioners' [*sic*] Court open the Private Easement based upon a 'public interest' in the road."[4] Appendix, p. 6; CR, p. 301. This paragraph alleges the Commissioners Court found a "public interest" in the "Private Easement."[5] Appendix, p.6; CR, p. 301.

Appellants do not allege the Commissioners Court violated any statute in declaring a "public interest" in the Road. Appendix, p. 6; CR, p. 301. Nor do Appellants allege that the finding of a "public interest" has an adverse legal consequence to their ownership or right to control access to the Road. Appendix, p. 6; CR, p. 301.

_____

*Miranda*, 133 S.W.3d 217 (Tex. 2004). Appellants' Brief frequently goes outside their live pleading, which are not matters this Court can consider in this appeal. *See* Appellants' Brief, pp. 1-7.

[4] This paragraph of the Third-Party Petition also alleges that the Townsends "trespass[ed] on Hindes Ranch" as a result of the Commissioners Court's finding of "public interest." Appendix, p. 6; CR, p. 301.

[5] While Appellants repeatedly allege they did not have notice of the fact the Commissioners Court was going to discuss the Road, they do not allege, in that paragraph or anywhere in the pleading, that either meeting was held in violation of the Texas Open Meetings Act. Appendix, pp. 1-13; CR, pp. 297-300.

Paragraph 1.16 alleges that, in April of 2014, "the Townsends filed an Application for the Establishment of a Public Road Pursuant to Texas Transportation Code Section 251.053 ("251 Application"). Appendix, p. 6; CR, p. 301. On May 12, 2014, the La Salle County Commissioners' [*sic*] Court held a hearing on Townsends' 251 Application." Appendix, p. 6; CR, p. 301. The pleading states that Appellants and "numerous" other landowners testified in opposition to the 251 Application and that,

> [o]ther than the Townsends, no landowners who own property adjacent to [the Road] testified in favor of the Townsends' 251 Application. ... Neither the 251 Application nor the testimony in support of it demonstrated a necessity for access to the Townsend property .... Following the extensive public testimony against the 251 Application and despite the Hindes' protest, the Commissioners' [sic] Court **accepted** it for consideration.

Appendix, pp. 6-7; CR, pp. 301-302 (emphasis added).

Neither this paragraph nor any other paragraph in the pleading alleged that the 251 Application was granted. Appendix, pp. 1-13; CR, pp. 297-308. Appellants only alleged that the 251 Application was "accepted for consideration." Appendix, p. 7; CR, p. 302. Appellants do not identify any statute that sets the legal standard that must be met before a county commissioners court can "accept" a Chapter 251 Application. Appendix, pp. 1-13; CR, pp. 297-308.

8

The pleading further alleges that,

> The Commissioners' [*sic*] Court called its retained engineer to testify to the alleged fact that certain surveys and plats purportedly show a 'county road easement' on Hindes Ranch. While the County's engineer testified to this alleged fact, he did not submit any copies of surveys or plats ... in support of his statements. Additionally, in a clear reflection of its assertion of purported rights to the [Road], the Commissioners' [*sic*] Court took action to authorize the purchase of a title insurance policy covering the [Road]. <u>While the Commissioners' [*sic*] Court set the Townsends' 251 Application on its agenda for the June 2nd meeting, it took no action to dismiss the 251 Application for lack of jurisdiction and it remains pending.</u>

Appendix, p. 7; CR, p. 302 (emphasis added). Appellants' live pleading clearly alleges that the Townsends' 251 Application has not been granted. Appendix, pp. 1-13; CR, pp. 297-308. Appellants do not even allege that La Salle County ever purchased a title insurance policy on any portion of the land over which they claim ownership. Appendix, pp. 1-13; CR, pp. 297-308.

Although the hearing on the First Amended Plea to the Jurisdiction was held in September 2014, Appellants did not amend their pleadings to allege any actions were taken by the La Salle County Commissioners Court regarding the Road after June 2, 2014 (more than three months before the hearing). Nor did Appellants amend their pleadings to allege that an action of any kind was ever taken on the

9

Townsends' 251 Application after May 12, 2014 (almost four months before the hearing).

## C. Causes of Action and Alleged Basis for Jurisdiction Contained in Third-Party Petition.

The Third-Party Petition asserts one cause of action against La Salle County and also seeks injunctive relief enjoining the La Salle County Commissioners Court from taking certain actions regarding the Road. Appendix, pp. 7-10; CR, pp. 302-305.

The sole cause of action against La Salle County is a claim under the Uniform Declaratory Judgment Act (hereinafter "DJA"). Appendix, pp. 7-9; CR, pp. 302-304. The specific basis of the DJA claim is that La Salle County "did not have the authority to accept the Townsends' 251 Application." Appendix, pp. 7-8; CR, pp. 302-303. Again, there is no allegation that the 251 Application has been granted, only that it was accepted, despite the fact that "the Townsends failed to demonstrate a necessity for access to their property as required by the statute." Appendix, p. 8; CR, p. 303. The pleading also alleges that "consideration of the 251 Application directly interferes with the [trial court's] continuing jurisdiction over the disputed rights to the [Road] and improperly attempts to moot" claims at issue in this litigation. Appendix, p. 8; CR, p. 303.

The Third-Party Petition alleges "an actual controversy has arisen and exists between the [Appellants] and Third Party Defendants as to the deeded rights to the [Road] located on Hindes Ranch. In light of the actions and statements of Third-Party Defendants to date, a declaratory judgment is necessary to settle and afford [Appellants] relief from uncertainty and insecurity...." Appendix, p. 8; CR, p. 303 (emphasis added). The following paragraph states that a judgment is necessary to declare that "Third-Party Defendants do not have authority to consider the Townsend 251 Application," nor to declare the parties' rights relative to the Road. Appendix, pp. 8-9; CR, pp. 303-304. Once again, there is no allegation that the La Salle County Commissioners Court has taken action challenging Appellants' ownership of the Road at issue. Appendix, pp. 8-9; CR, pp. 303-304. Paragraph 2.4 concludes with a global statement that governmental immunity does not apply. Appendix, p. 9; CR, p. 304.

Finally, the Third-Party Petition sets out the request for both a temporary and a permanent injunction. Appendix, pp. 9-10; CR, pp. 304-305. Appellants seek to enjoin the La Salle County Commissioners Court "from considering the Townsend 251 Application and taking any action to order the opening or taking of the [Road] pending the outcome of the Lawsuit." Appendix, p. 9; CR, p. 304 (emphasis added). Thus, Appellants judicially admit that they were not only

11

seeking to enjoin the Commissioners Court from acting on the 251 Application, they were also seeking to have the Commissioners Court enjoined from exercising powers granted to a county commissioners court by statute and the Texas Constitution. CR, p. 304.

## SUMMARY OF THE ARGUMENT

Appellants brought suit seeking extraordinary and unprecedented relief from the Trial Court, namely an injunction that would prohibit a legislative body (the La Salle County Commissioners Court) from deliberating and acting on a matter over which it had exclusive jurisdiction (the Townsends' 251 Application). The question here is whether Appellants can utilize the judicial branch of government to preclude a county commissioners court from even *considering* an application as provided by statute.

In this case, the Court must resolve a question of law; whether considering only the allegations in Appellants' Third-Party Petition, did Appellants allege facts and claims that vested the Trial Court with jurisdiction over La Salle County? The Trial Court correctly found it did not have jurisdiction.

First, Appellants do not allege facts establishing that they have sustained any injury resulting from the actions of the La Salle County Commissioners Court or that future injury from actions of the La Salle County Commissioners Court is

12

imminent. Thus, Appellants lacked standing and their claims were not ripe, which deprived the Trial Court of jurisdiction.

Second, La Salle County is immune from suit, which deprives a trial court of jurisdiction unless Appellants' pleadings are sufficient to allege their claims are not barred by immunity, or they allege a waiver of immunity from suit. Appellants seek to avoid immunity by asserting they are bringing claims within the District Court's supervisory jurisdiction, or claims for *ultra vires* acts. Appellants' pleadings fail to state claims within the Trial Court's supervisory jurisdiction, or a claim for *ultra vires* acts because Appellants do not allege acts that, if proven, would establish the La Salle County Commissioners Court's actions violated a statute or the Constitution, or that the La Salle County Commissioners Court had abused its discretion.

Appellants claim that the doctrine of dominant jurisdiction granted the Trial Court jurisdiction over their claims against La Salle County. The doctrine of dominant jurisdiction does not apply to the La Salle County Commissioners Court because it is not a court of coordinate jurisdiction to the district court and Appellants cannot meet the test for establishing an inherent relationship between its third-party claims and the underlying suit. Furthermore, dominant jurisdiction

13

does not apply to the La Salle County Commissioners Court carrying out its deliberative and legislative functions.

Finally, the Trial Court lacked jurisdiction because the essence of Appellants' claims violate the separation of powers doctrine. Appellants seek to use the court system to interfere with, and indeed prohibit, the La Salle County Commissioners Court from carrying out a legislative and administrative function over which it was granted exclusive jurisdiction by the Legislature.

## ARGUMENT

### I.    Standard of Review

The trial court's grant of a plea to the jurisdiction is reviewed *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004); *Mayhem v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In a suit against a sovereign governmental entity, the plaintiff bears the burden of affirmatively pleading a valid waiver of immunity from suit that vests the trial court with jurisdiction. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540 (Tex. 2003). When a plea to the jurisdiction is based on the plaintiff's pleadings, as opposed to the plaintiff's ability to prove jurisdictional facts, the trial court and court of appeals' review is limited to the four-corners of the plaintiff's live pleading. *Tex. Ass'n of Bus. v. Tex. Air Control*, 852 S.W.2d 440, 446 (Tex. 1993). A plaintiff

14

has the burden of affirmatively pleading a valid waiver of immunity from suit that vests the trial court with jurisdiction. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540 (Tex. 2003). Both the trial court and the court of appeals must liberally construe the pleadings in plaintiff's favor and look to plaintiff's intent in determining if plaintiff plead a waiver of immunity from suit. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex, 2002); *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002); *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

While Appellants' allegations are to be liberally construed, Appellants' live pleading must demonstrate, by the facts alleged, reference to statute, or other provisions of law, that immunity from suit has been waived. *City of Weslaco v. Cantu*, 2004 WL 210790 (Tex. App.—Corpus Christi, 2004, no pet.); *City of Canyon v. McBroom*, 121 S.W.3d 410 (Tex. App.—Amarillo 2003, no pet. h.); *Hardin Cty. Community Supervision and Corrections Dep't v. Sullivan*, 106 S.W.3d 186, 189 (Tex. App.—Austin 2003, pet. denied). Furthermore, the court does not have to accept a plaintiff's allegations if its pleading relates to issues of law rather than issues of fact. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 487 (Tex. 2012). The deferential standard of reviewing a plaintiff's pleadings and evidence does not extend to the determination of whether there is a waiver of immunity from suit; instead, the pleadings are construed in favor of

15

finding no waiver of immunity from suit and, thus, in favor of the governmental defendant. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 701 (Tex. 2003).

When a plea to the jurisdiction challenges whether an appellant has plead a waiver of immunity from suit, as in this case, the Court's review is limited to the pleadings and the court does not consider what, if any, evidence might have been offered in the trial court. *Tex. Ass'n of Bus*, 852 S.W.2d at 446.

## II. The Trial Correctly Granted Appellees' Plea to the Jurisdiction Because Appellants Lacked Standing and Their Claims were not Ripe.

Standing and ripeness are threshold issues that must be considered because they are indispensable components of the court's subject-matter jurisdiction. *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011). These jurisdictional prerequisites ensure that a suit presents a live case or controversy and that the Court does not issue an advisory opinion on events and injuries that might or might not occur. *Waco Indep. Sch. Dist v. Gibson*, 22 S.W3d 849, 852 (Tex. 2000). Standing requires a plaintiff to allege a "concrete injury in order for a justiciable claim to be presented." *Robinson*, 353 S.W.3d at 755. Whether claims are ripe turns on whether "the facts are sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Id.* (internal quotations omitted). Thus, a claim is not ripe where it "involves uncertain or contingent events that may not occur as anticipated or indeed may not occur at all."

16

*Perry v. Del Rio*, 66 S.W.3d 239, 250-51 (Tex. 2006). In evaluating ripeness, the court must consider all information that is available and, thus, consider the facts alleged at the time suit was filed and all intervening events. *Id.*

Under those standards, the Trial Court properly granted La Salle County's plea to the jurisdiction because the Appellants have not been injured and their claims were not, and are not, ripe. Appellants rely on two actions by the La Salle County Commissioners Court; (1) acceptance of the Townsends' 251 Application; and (2) the declaration of a "public interest" in the Road to establish their injury. Appellants do not and cannot allege that either of those acts has caused any particularized concrete injury as required by Texas law. That fact is of little importance to Appellants' argument, however, because they actually seek to litigate the possibility that the Commissioners Court <u>might</u> grant the 251 Application at some indefinite future point—the ambiguous "threat," of uncertain future action. CR, p. 338.

**A.** **Appellants lack standing because they do not allege that they have sustained a concrete injury traceable to actions taken by La Salle County[6].**

The Third-Party Petition did not allege that the La Salle County Commissioners Court granted the 251 Application, or even that it posted a meeting notice to take further action on the 251 Application. Further, the Third-Party Petition did not allege the Commissioners Court took actions to seize the Road, remove the gates Appellants placed on the Road, or otherwise open the Road to the public. The only allegations made are that the Commissioners Court did not refuse to file or accept the 251 Application. According to Appellants' pleadings, no

---

[6] At the Trial Court, La Salle County argued that Appellants' claims were not "ripe" because, at the time of the filing of this suit, Appellants had not sustained any injury resulting from any actions of La Salle County or the La Salle County Commissioners Court. CR, pp. 324-325. While the argument made at the Trial Court regarding whether Appellants "had" sustained any injury was labeled "ripeness," it is, in fact, a "standing" argument. Standing and ripeness are related doctrines which courts must frequently address together. As the Texas Supreme noted in *Patterson*, "in many cases, the standing and ripeness inquiries merge: a party may lack standing because what happened to him is not far enough developed, but that lack of development may also render the action unripe." *Patterson,* 971 S.W.2d at 442. *See Texas Dept. of Ins. v. Reconveyance Servs., Inc.*, 240 S.W.3d 418, 436 (Tex. App.—Austin 2007), *rev'd on other grounds*, 306 S.W.3d 256 (Tex. 2010). Although La Salle County did not expressly raise "standing" at the Trial Court, this Court must consider the issue as it determines whether the Trial Court had jurisdiction. *City of Houston v Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (subject matter jurisdiction is essential to a court's power to decide a case, can be raised for the first time on appeal, and all courts have the affirmative obligation to determine if they have subject matter jurisdiction); *Gibson*, 22 S.W.3d at 851 (the court of appeals erred in holding that standing and ripeness were not properly preserved for review because subject matter jurisdiction is essential to the authority of a court to decide a case, it cannot be waived and may be raised for the first time on appeal).

action regarding the Road was taken by the La Salle County Commissioners Court in the four months prior to the hearing on the First Amended Plea to the Jurisdiction.

Appellants allege that the Townsends claimed the declaration of a "public interest" in the Road lead the Townsends to try to use the Road. The Townsends' claimed right to use the Road is the "sole" basis on which Appellants claim they "have" sustained an injury. But, Appellants admit the Townsends claimed the right to use the road and challenged Appellants' ownership and control of the Road long before any actions taken by the La Salle County Commissioner Court. Appellants' Brief, pp. 2-3. Moreover, Appellants do not allege that La Salle County took actions to seize the Road or to compel Appellants to allow others to use the Road. Under these circumstances, the purported injury stemming from the declaration is not properly traceable to La Salle County, which deprives the Appellants of standing. *See Heckman v. Williamson County*, 369 S.W.3d 137, 155 (Tex. 2012) (noting that traceability precludes any injury "that results from the independent action of some third party not before the court").

**B.      Appellants' Claims are Not Ripe Due to Their Inability to Establish That Future Injury is Imminent.**

With regard to injury in the future, Appellants' Brief states that, "[u]nlike cases ... where it was not known how the government would act, we know

19

precisely what is going to happen in this case ... The only conclusion to draw from the record is that La Salle County [Commissioners Court] are going to grant the Townsends' Chapter 251 application." Appellants' Brief, p. 19. However, the only basis in Appellants' live pleading which can be read to allege that an injury is imminent is the fact that the La Salle County Commissioners Court "accepted" Townsends' 251 Application. Appendix, p. 1; CR, p. 297. Appellants asserted at the trial court that this allegation was sufficient to establish that there was a "threat" of injury in the future. CR, p. 444. Texas courts consistently reject claims as unripe even where the claimed future injury is far more certain than in this case.

In *Gibson*, for example, the Texas Supreme Court rejected a claim of "certain" future discrimination predicted to flow from a school district policy, to be implemented in the upcoming year, requiring passage of a standardized test (or summer school) for students to be promoted. 22 S.W.3d at 850. Notwithstanding plaintiffs' expert testimony that a disproportionate number of minority students historically failed standardized tests and that some disparity in pass rates among minority groups would persist in the future, creating a racially discriminatory effect, the Supreme Court held the plaintiffs' claims were not ripe because no one

had yet taken a test under the new policy and there was no evidence of the success of the summer remediation program. *Id.* at 855-56.

Even closer to the instant facts is *Patterson*, where the plaintiffs sought to strike down an appropriations rider, which was predicted to cause them to lose federal funding, as arguably in conflict with federal regulations. 971 S.W.2d at 440. The Supreme Court found the claims were not ripe because neither the state agency charged with disbursing the federal funds, nor the federal agency with responsibility for the regulations, had yet determined what actions they would take to implement the rider. *Id.* at 444; *Perry*, 66 S.W.3d at 250-51. If the *Patterson* plaintiffs' claims were unripe because the agencies were still considering their policy responses, there can be no question that the Appellants' claims, predicated on the potential future outcome of the Commissioners' consideration of the 251 Application, are likewise unripe.

The cases Appellants cite—*City of Houston v. Norcini* and *Perry v. Del Rio*—do not aid their argument. In *Norcini*, the takings claims were ripe because applying for a building permit was futile—Houston's regulations precluded building anything on the plaintiff's land. 317 S.W.3d at 293. Here, in contrast, there is no certainty as to what decision the Commissioners Court may reach on the Townsend 251 Application. Appellants' reliance on *Perry* is even more puzzling,

21

given its statement that the "district court could properly have dismissed [the suit] for lack of ripeness while the Legislature was still considering redistricting during the regular session" and, therefore, there was no certain injury to the plaintiffs. 666 S.W.3d at 251.[7]

In light of this, it is unsurprising that Appellants attempt to go outside their live pleading to show that injury is imminent, citing unofficial statements by two members of the La Salle County Commissioners Court, Judge Rodriguez and Commissioner Ayala. Appellants' Brief, pp. 18-19. This resort to extra-record evidence to prove imminent injury fails for two reasons. First, it is beyond dispute that looking beyond their pleading violates the proper standard of review. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. Second, Appellants' arguments fail on their merits, as the evidence to which they point does not demonstrate that their prediction of imminent, injurious official action has any basis in reality.

As Appellants admit, statements by individual members of the Commissioners Court do not constitute acts of the Commissioners Court. "The commissioners court may only validly act as a body; the acts of a single commissioner do not bind the court." *Id.* at 360 (citing *Canales v. Laughlin*, 147

---

[7] *Perry*'s holding that claims can become ripe, if the only contingent future event that will cause injury happens during the pendency of an appeal, *id.* at 251, is inapplicable here. Appellants do not assert that they have been injured by any actions that occurred after the trial court dismissed their claims.

Tex. 169, 214 S.W.2d 451, 455 (1948) ("individual commissioners have no authority to bind the county by their separate action"); *Eastex Wildlife Conservation Ass'n v. Jasper*, 450 S.W.2d 904, 907 (Tex. Civ. App.—Beaumont 1970, writ ref'd n.r.e.) ("County can act only through the Commissioners' Court, the individual Commissioners having no authority to bind the county by their separate actions")). CR, p. 338 ("official action taken by the court meeting as a body in session"). Moreover, the commissioners court "speaks through its official minutes." *Hays County v. Hays County Water Planning P'ship*, 106 S.W.3d 349, 355 (Tex. App.—Austin 2003, no pet.); *Maples v. Henderson County*, 259 S.W.2d 264, 268 (Tex. Civ. App.—Dallas 1953, writ ref'd n.r.e). In *Robinson*, the Texas Supreme Court rejected the argument that statements of individual government officials established that injury was imminent making the plaintiff's claims ripe. *Robinson*, 353 S.W.3d at 756 (statements of comptroller/mayor-elect did not establish the City of Houston was going to fail to comply with provision of citizen-initiated referendum proposition); *Canales v. Laughlin*, 214 S.W.2d 451, 455 (Tex. 1945) ("... individual commissioners have no authority to bind the County by their separate action").

Here, Appellants' claims are not ripe because they do not allege that an injury is definite and certain to happen, only that there is some possibility that the

23

La Salle County Commissioners Court could, at some point in the future, grant the 251 Application and/or take some other action which might injure Appellants. *Gibson*, 22 S.W.3d at 850; *Patterson*, 971 S.W.2d at 444. *See also County of Hays v. Alexander*, 640 S.W.2d 73, 80 (Tex. App.—Austin 1982, no writ) (commissioners court passing a "resolution" stating that a roadway which plaintiffs blocked with a gate was a public roadway, "was not in any sense a final action over which a district court had jurisdiction to review"); *Schiller v. Duncan*, 21 S.W.2d 571, 572-73 (Tex. Civ. App.—Galveston 1929, no writ) (allegations that members of commissioners court had already indicated that it will adopt report and appoint overseer to make a public road on plaintiff's property were insufficient to establish the district court's jurisdiction where "the commissioners' court has made no final order" on application to open roadway).[8]

## III. La Salle County's Immunity from Suit Deprived the Trial Court of Jurisdiction.

The trial court lacked jurisdiction over Appellants' claims because Appellants' pleadings do not assert a claim to which governmental immunity did not apply, or for which there was a waiver of governmental immunity.

---

[8] *County of Hays v. Alexander* and *Schiller v. Duncan* are discussed in greater detail in Section III.B.1. below regarding the district court's supervisory jurisdiction, but both hold that a landowner's claim is not proper until the Commissioners Court issues a final order directing the taking of the property or the expansion of the roadway. *County of Hays v. Alexander*, 640 S.W.2d 73, 80 (Tex. App.—Austin 1982); *Schiller v. Duncan*, 21 S.W.2d 571, 572-73 (Tex. Civ. App.—Galveston 1929).

### A. La Salle County Enjoys Immunity from Suit Which Bars Appellants' Suit, Thereby Denying the District Court Jurisdiction Over La Salle County.

Appellants brought suit against La Salle County, as well as County Judge Joel Rodriguez, Jr. in his official capacity, and County Commissioner Raul Ayala, in his official capacity. A suit brought against a county official in their official capacity is a suit against the county. *Nueces County v. Ferguson*, 97 S.W.3d 205, 214 (Tex. App.—Corpus Christi 2002, no pet.). Thus, La Salle County is the only party against which Appellants are bringing suit. *Id.*

La Salle County enjoys sovereign immunity. Sovereign immunity extends to the political subdivisions of the state, including counties. *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297 (Tex. 1976); *Heigel v. Wichita County*, 84 Tex. 392, 19 S.W. 562, 563 (1892). Sovereign immunity, as it applies to local governmental entities, is referred to as governmental immunity. *Rolling Plains Groundwater Conservation Dist. v. City of Aspermont*, 353 S.W.3d 756, 759 (Tex. 2011) (per curiam); *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). While the name of the immunity enjoyed is different, governmental immunity offers counties and other local governmental entities the same degree of protection afforded to state entities under sovereign immunity. *Id.*

25

### 1. Immunity, in part, Serves to Preserve Separation of Powers by Preventing Litigants from Using Courts to Control Other Branches of Government.

Sovereign immunity and governmental immunity serve two purposes. The first purpose is to ensure that litigants cannot use the judicial branch to interfere with powers vested in the executive branch. Sovereign immunity ensures litigation cannot be utilized "*to control state action by imposing liability on the State.*" *City of El Paso v. Heinrich*, 284 S.W.3d 366, 371-73 & n.6 (Tex. 2009) (italics in the original). Sovereign immunity precludes litigants from using the court system to interfere with the exercise of powers needed in the executive branches. *See Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004). Second, sovereign immunity serves to protect the public treasury. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) *4; *Ben Bolt-Palito Blanco Consol. Ind. Sch. Dist. v. Tex. Political Subdivisions Prop. Cas. Self Ins. Fund*, 212 S.W.3d 320 (Tex. 2006); *Taylor*, 106 S.W.3d at 698. *See Rusk State Hospital v. Black*, 392 S.W.3d 88, 97, 106 (Tex. 2012) (one of the purposes of sovereign immunity <u>and early rulings on immunity from suit</u> is to avoid the wasting of tax dollars on defending suits, including on discovery, where claims are barred by immunity from suit).

## 2. Immunity from Suit is a Component of Sovereign/ Governmental Immunity.

Sovereign/governmental immunity protects governmental entities both from suit and liability. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997).

> Sovereign immunity embraces two principals: *immunity from suit* and immunity from liability. First, the State retains *immunity from suit*, without legislative consent, even if the State's liability is not disputed. Second, the State retains *immunity from liability* though the Legislature has granted consent to the suit.

*Id.* (citations omitted) (emphasis in original); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) ("[i]mmunity from liability and immunity from suit are two distinct principles"). The Texas Supreme Court went on to explain the effect of immunity from suit.

> *Immunity from suit* bars a suit against the State unless the State expressly gives its consent to the suit. In other words, although the claim asserted may be one on which the State acknowledges liability, this rule precludes a remedy until the Legislature consents to suit. ...

*Federal Sign*, 951 S.W.2d at 405 (citations omitted) (emphasis in original); *State v. Lueck*, 290 S.W.3d 876 (Tex. 2009) ("[i]mmunity from suit is a jurisdictional question of whether the State has expressly consented to suit.…"); *Tomball Reg'l Hosp.*, 283 S.W.3d at 842. Whether a court has subject matter jurisdiction is a question of law. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d

849 (Tex. 2002). *See City of Houston v. Arney*, 680 S.W.2d 867 (Tex. App.—Houston [1st Dist.] 1984, no writ) (a plaintiff has the burden of pleading facts that establish a waiver of immunity from suit). Moreover, because immunity from suit deprives a trial court of jurisdiction, it is properly raised through a plea to the jurisdiction. *Jones*, 8 S.W.3d 637.

> **B.** **Appellants' Third-Party Petition Failed to Establish Subject Matter Jurisdiction Because it did not Allege Either that Immunity does not Apply or that Immunity has been Waived.**

A party bringing suit against a governmental entity has the burden of establishing that, either their suit falls within a statutory waiver of governmental immunity, or the nature of their suit means immunity does not apply. *Heinrich*, 248 S.W.3d at 370. Here, Appellants assert that immunity does not apply to their claims. Appellants argue that their claims are not barred by immunity because either their claims: (1) fall within the District Court's supervisory jurisdiction over the actions of the La Salle County Commissioners Court; (2) the Trial Court could enjoin the La Salle County Commissioners Court based on dominant jurisdiction; or (3) La Salle County's actions were *ultra vires*. The allegations in Appellants' pleading do not establish any of these bases for avoiding immunity.

**1.     La Salle County Commissioners Court did not exceed its authority, thus, precluding the District Court from exercising Supervisory Jurisdiction.**

Appellants rely upon the Trial Court's supervisory jurisdiction to establish the Trial Court's jurisdiction.  The Texas Supreme Court explained the limited scope of the Trial Court's supervisory jurisdiction in *Ector County v. Springer*, 843 S.W.2d 477 (Tex. 1992).

> Article V, § 18 of the Texas Constitution establishes the commissioners court as the principal governing body of the county. The powers and duties of the commissioners courts include aspects of legislative, executive, administrative, and judicial functions.
>
> The constitution vests in the district court "appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law." Tex. Const. art. V, § 8. With a few narrow exceptions, the legislature has not prescribed procedures for exercising this appellate jurisdiction or supervisory control.
>
> The scope of the district courts' jurisdiction has been defined by case law:
>
> It is equally well settled that the supervisory power of the district court over the judgments of a commissioners' court, as authorized by article 5, section 8, of the Constitution, and article 1908 of the Revised Civil Statutes [the predecessor of the Government Code], **can only be invoked when it acts beyond its jurisdiction or clearly abuses the discretion conferred on it by law.**

29

*Id.* at 478-79 (some internal citations omitted) (emphasis added). *See Commissioners Court of Titus County v. Agan*; 940 S.W.2d 77, 79 (Tex. 1977); *Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104, 109 (Tex. 1981)("*Vondy I*").

Thus, supervisory jurisdiction can be exercised ONLY when a commissioners court's actions are beyond its authority, or the action is so egregious that it represents an abuse of the discretion entrusted to the commissioners court. *Vondy*, 620 S.W.2d at 109; *Vondy v. Comm'rs Court of Uvalde County*, 714 S.W.2d 417 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.) ("*Vondy II*"). A commissioners court abuses its discretion only when its actions are "arbitrary, capricious, unsupported by substantial evidence or that the court has acted beyond its jurisdiction." *Id.* To bring suit within the district court's supervisory jurisdiction, the plaintiff must: (1) direct the court to an applicable constitutional or statutory provision that precluded the commissioners court from taking the action in question; (2) direct the court to an applicable constitutional or statutory provision that establishes the performance of a clear statutory duty which is ministerial and nondiscretionary; or (3) allege that the commissioners court abused its discretion by making decisions arbitrarily, capriciously, collusively, or fraudulently. *Springer*, 843 S.W.3d at 479; *Vondy I*, 620 S.W.2d at 109; *Casco v. Cameron County Attorney*, 319 S.W.3d 205, 225 (Tex. App.—Corpus Christi

30

2010, no pet.); *Hooten v. Enriquez*, 863 S.W.2d 522, 532 (Tex. App.—El Paso 1993, no writ).

Furthermore, supervisory jurisdiction  does not empower a district court to interfere with a commissioners court carrying out its legislative and administrative functions.  In *Springer*, the Texas Supreme Court held that supervisory jurisdiction did not give the district court the authority to determine what constituted reasonable annual compensation for a constable.  *Springer*, 843 S.W.2d at 478. Similarly, the El Paso Court of Appeals held a district court could not use supervisory jurisdiction to assume the powers of the El Paso Commissioners Court which entered orders related to the construction and improvements to the county courthouse.  *In re El Paso County Comm'rs Court*, 281 S.W.3d 16 (Tex. App.—El Paso 2005, orig. proceeding); *In the Matter of El Paso County Courthouse*, 765 S.W.2d 876, 880 (Tex. App.—El Paso 1989, no writ).

### a. Appellants did not establish grounds for the trial court to exercise supervisory jurisdiction.

Appellants rely on *Vondy II* and *Hooter v. Enriquez* to argue that the Trial Court should have exercised supervisory jurisdiction.  However, in both of those cases, the commissioners court clearly acted in violation of the Texas Constitution or statute.  *Hooter v. Enriquez*, 863 S.W.2d 522, 528 (Tex. App—El Paso 1993, no writ) (the commissioners court did not have authority to set job duties and

responsibility of deputy county clerks); *Vondy II*, 714 S.W.3d at 422 (commissioners court could not abolish office established by the Texas Constitution). *Vondy II* demonstrates what extreme facts need to be alleged and proven to invoke supervisory jurisdiction. The Uvalde County Commissioners Court set an annual salary for constables that was very low ($40 per month). This Court held that the decision was either so arbitrary and capricious as to constitute an abuse of discretion, or it represented an action beyond the commissioners court's authority, namely effectively terminating the constitutionally created office of constable in Uvalde County. *Vondy II,* 714 S.W.2d at 422. No such facts are alleged here.

Appellants are correct that a district court can exercise supervisory jurisdiction over commissioners court's actions related to county roadways. However, in the cases cited by Appellants to support this proposition, the commissioners courts made a final decision to open a public roadway, but the commissioners courts' actions were not in compliance with the applicable statute. *Phillips v. Naumann*, 154 Tex. 153, 275 S.W.2d 464 (1955) (commissioners court could not open public road where applicant failed to establish all the requirements of the statute); *Haverbekken v. Hale*, 109 Tex. 106, 204 S.W. 1162 (1918). But no

violation is alleged here, as the La Salle County Commissioners Court has not granted the 251 Application.

The facts alleged in this case do not justify the exercise of the Trial Court's supervisory jurisdiction and the relief sought by Appellants clearly exceeds the authority granted by supervisory jurisdiction. The only allegation that an action taken by the La Salle County Commissioners Court exceeded its jurisdiction is the allegation that the court "accepted [the 251 Application] for consideration." Appendix, p. 7; CR, p. 302. Appellants allege that "accepting" the 251 Application exceeded the Commissioners Court's authority based on the allegation that the 251 Application fails to demonstrate a necessity for access to the Road. However, neither Chapter 251 of the Transportation Code, nor the case cited by Appellants (*Phillips v. Naumann*, 275 S.W.3d 464 (Tex. 1955)) empower a commissioners court to refuse to "accept" an application under Chapter 251. In fact, Chapter 251 does not even reference the acceptance of a 251 application. *See* TEX. TRANSP. CODE §§251.052-53. Moreover, a Chapter 251 application need not set out all of the requirements in order for it to be considered and granted by a commissioners court. *See Schiller*, 21 S.W.2d at 573 (decided under a predecessor statute similar to Chapter 251).

Appellants cannot point to any statute or constitutional provision that La Salle County violated either in "accepting" the 251 Application or declaring a "public interest" in the Road. Assuming, arguendo, that these actions are consistent with an intention to grant the 251 Application at some later date, those actions are not enough to vest the District Court with supervisory jurisdiction over the La Salle County Commissioners Court. *Alexander*, 640 S.W.2d 73 at 80; *Schiller*, 21 S.W.2d 571 at 573 (supervisory jurisdiction cannot be exercised until the commissioners court makes a "final" decision granting or denying the application to open the road).

The facts of *Alexander* and *Schiller* are analogous to the case at bar and, in each instance, the district court lacked jurisdiction because the commissioners court had not taken any action to remove the road from private control and compel its opening to the public.

The Alexanders brought suit in 1979 seeking a declaration that, among other things, the road that ran through their property was a private road or, alternatively, it was a third class road under article 6704 of the Texas Revised Civil Statutes which authorized landowners to put a gate across the road. In 1980, over a year after the suit was filed, the Hays County Commissioners Court passed a resolution declaring the road to be a First Class Road. *Alexander*, 640 S.W.2d at 76. In

34

response, the Alexanders amended their pleadings seeking a declaration that the 1980 action of the commissioners court was voided for failing to comply with applicable statutes dealing with the creation, expansion and improvement of roads. *Id.* The trial court entered a judgment stating that:

> [the 1980] "action and order" of the Commissioners Court ... was "vacated, set aside, and held for naught ... and [the Hays County Commissioners Court]" and their successors in office, are hereby permanently enjoined from interfering with (appellees), their heirs and assigns, in their use and enjoyment of such third class road and the rights and privileges accorded them under the laws of this State.

*Id.* at 76.

The Austin Court of Appeals recognized that, when a commissioners court acts as administrator of the county road system, "the Commissioners Court acts not as the county's governing body merely, but exercises the powers of a court of general jurisdiction with respect to such matters; and '[h]aving acquired jurisdiction of the subject-matter and of the party or parties, they may, except as [restrained] or prohibited by law, exercise such powers according to their discretion.'" *Id.* at 78 (quoting *Haverbekken v. Coryell County,* 112 Tex. 422, 247 S.W. 1086 (1923)).

The *Alexander* court then held that the 1980 resolution was not subject to review because it was not a final action by the commissioners court.

> The action of the Commissioners Court in passing the resolution of July 14, 1980 was not in any sense a final action which a district court had jurisdiction to review under Article 5, § 8 of the Constitution of Texas or under Tex. Rev. Civ. Stat. art. 1908. *Bird v. Alexander,* 288 S.W. 606 (Tex. Civ. App.—Dallas 1926, no writ). While such a resolution is an act of the Commissioners Court, it is patently not a final act subject to judicial review. Therefore, the trial court had no jurisdiction to declare the resolution of July 14, 1980 "vacated, set aside, and held for naught...."

*Id* at 79-80.

*Schiller*, like Appellants, alleged that the petition alleging public necessity for a roadway did not contain all of the statutory elements required for a county to authorize the establishment/opening of a public roadway. *Schiller*, 21 S.W.2d at 571-72. Like Appellants, *Schiller* did not allege that the commissioners court had passed an order establishing or declaring the road to be a public road. *Id*. at 72. As Appellants do, *Schiller* alleged the commissioners court members had indicated that they would take action to establish a public road across his property. *Id*. The Court of Appeals found that the district court could not exercise supervisory jurisdiction.

> The revisory power of the district court over the judgments of a commissioners' court can only be called into exercise when it acts beyond its jurisdiction or in clear abuse of the discretion conferred upon it by the statute in the matter of the establishment of public roads.

36

> Certainly no such power or jurisdiction exists in the district court when the commissioners' court has made no final order on the application for the establishment of a road, and has not reached any conclusion on the question of the necessity for the establishment of the road of which complaint is made. Until such action is taken by the commissioners' court, no question of the abuse of its discretion can be raised.

*Id.* at 573 (internal citations omitted).

Appellants admit that no final action has been taken on the 251 Application. Therefore, there has been no final action by the La Salle County Commissioners Court that either exceeded their authority or constituted an abuse of discretion. *See Id.* Despite the fact that no action has been taken, Appellants ask the Trial Court to enjoin the La Salle County Commissioners Court from exercising its legislative and administrative functions, which clearly exceeds the scope of the District Court's supervisory jurisdiction and violates the separation of powers between co-equal branches of government.

In this case, Appellants did not only seek to have the District Court exercise its supervisory jurisdiction but, rather, to have it enjoin the Commissioners Court from taking actions related to the Road. The El Paso Court of Appeals in *In re El Paso County Comm'rs Court*, held that the improper exercise of the district court's supervisory jurisdiction would result in the judicial branch of Texas government violating the separation of powers doctrine by controlling matters with a

commissioners court's administrative and legislative functions. *In re El Paso County Comm'rs Court*, 281 S.W.3d at 27-28; *In the Matter of El Paso County Courthouse*, 765 S.W.2d at 880.

## 2. "Dominant Jurisdiction" did not empower the District Court to Enjoin the La Salle County Commissioners Court from Considering the 251 Application.

Appellants contend that the District Court was obligated to assert "dominant jurisdiction" over the La Salle County Commissioners Court and to enjoin the La Salle County Commissioners Court from taking any action regarding the Road because of a prior filed suit.

### a. Appellants Cannot Establish the Conditions for Assertion of Dominant Jurisdiction Are Present in this Case.

Appellants assert that the Trial Court had jurisdiction over their claims under the doctrine of dominant jurisdiction. Appellants are correct that, if two lawsuits are pending involving identical parties in courts of coordinate jurisdiction, the first court may acquire dominant jurisdiction. *In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011); *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex. 1974) (orig. proceeding). However, the pre-conditions for the assertion of dominant jurisdiction are not present in the case at bar.

38

First, dominant jurisdiction cannot apply here because the district court and the commissioners court are not "courts of coordinate power." "Courts have concurrent or coordinate jurisdiction when each has the power, under the same facts and conditions to determine <u>and</u> enforce the rights of litigants." *Andrews v. Utica Mut. Ins. Co.*, 647 S.W.2d 22, 25 (Tex. App.—Houston [1st Dist.] 1982, writ disms'd) (citing *United Services Life Ins. Co. v. Delaney*, 396 S.W.2d 855) (Tex. 1965). Dominant jurisdiction does not apply when one of the two pending proceedings is pending in the executive branch, as is the case here. *In re Luby's Cafeterias, Inc.*, 979 S.W.2d 813, 817 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ("[b]ecause the principle of dominant jurisdiction applies to courts of coordinate power, it does not apply when one of the two pending proceedings is an agency proceeding"). The La Salle County Commissioners Court did not have coordinate jurisdiction with the District Court when the La Salle County Commissioners Court "accepted" the 251 Application because it was effectively an administrative proceeding;[9] therefore, dominant jurisdiction does not apply to

---

[9] The Legislature granting commissioners courts with exclusive original jurisdiction over applications under Chapter 251 of the Transportation Code makes the application of the doctrine of "primary jurisdiction" more appropriate than "dominant jurisdiction." ''Primary jurisdiction is a judicially created doctrine of abstention, whereby a court that has jurisdiction over a matter nonetheless defers to an administrative agency for an initial decision on questions of fact or law within the peculiar competence of the agency.'' *See State Bar v. McGee*, 972 S.W.2d 770, 772 (Tex. App.—Corpus Christi 1998, no writ) (quoting 2 TEX. JUR. 3d Administrative Law § 78

39

the consideration of the 251 Application. *See Id.* In order for the La Salle County Commissioners Court and the District Court to have "coordinate power," the Townsends would have had to be able to file their 251 Application in District Court. However, Chapter 251 of the Transportation Code provides that only the La Salle County Commissioners Court could consider and act on the Townsends' application. *See* TEX. TRANS. CODE §251.053.

Appellants' dominant-jurisdiction theory also fails because the principle applies only when "there is an inherent interrelation of the subject matter in the two suits." *Dallas Fire Ins. Co. v. Davis*, 893 S.W.2d 288, 292 (Tex. App.—Dallas 1995, no writ). Courts determine "whether an inherent interrelationship exists" by applying "the compulsory counterclaim rule." *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex. 1988). Under that rule, a claim must be raised in an extant lawsuit if: (1) it is a claim that the "pleader has against any opposing party" at the time of filing; *and* (2) "it arises out of the transaction or occurrence that is the

_____

(1995)). The purpose behind primary jurisdiction is to assure that the administrative agency will not be bypassed in a matter which has been especially committed to it by the Legislature. *See American Pawn and Jewelry, Inc. v. Kayal*, 923 S.W.2d 670, 673 (Tex. App.—Corpus Christi 1996, writ denied). Where the Legislature has committed a matter to an agency, the agency's primary jurisdiction is exclusive. *See id.* at 674 (citing *Foree v. Crown Central Petroleum Corp.*, 431 S.W.2d 312, 317 (Tex. 1968)). In other words,''a court does not have jurisdiction to determine administrative questions or to adjudicate controversies involving them until they have been determined by the appropriate administrative agency.'' *Lens Express, Inc. v. Ewald*, 907 S.W.2d 64, 71 (Tex. App.—Austin 1995, no writ) (quoting *Kavanaugh v. Underwriters Life Ins. Co.*, 231 S.W.2d 753, 755 (Tex. Civ. App.—Waco 1950, writ ref'd).

40

subject matter of the opposing party's claim." TEX. R. CIV. P. 97(a). Applying those standards, there are two reasons dominant jurisdiction does not apply in the instant case. First, the later-filed "claim" at issue (the Townsends' 251 Application) could *not* be raised in the extant lawsuit, as the Legislature vests county commissioners with exclusive original jurisdiction to consider such applications. *See* TEX. TRANSP. CODE §251.053. Second, even if a 251 application could have been raised in district court, such an application would not be a compulsory counterclaim. Indeed, a 251 application is not truly a "claim" at all; it is a petition to the county's legislative and executive body to exercise their governmental powers in the future.

Further, to the extent there is a legitimate dispute about "inherent interrelatedness," that determination is "committed to the sound discretion of the trial court." *In re Servicios Legales de Mesoamerica S. de R.L.*, No. 13-12-00466-CV, 2014 WL 895513, at \*10 (Tex. App.—Corpus Christi Mar. 6, 2014, orig. proceeding). Here, the Trial Court implicitly found there was no inherent interrelation when it rejected Appellants' dominant-jurisdiction argument. Appellants have not argued, much less proven, that the Trial Court's implicit finding was an abuse of discretion.

### b. Dominant Jurisdiction Is Not Applicable to Prohibit Commissioners Courts from Exercising Powers Entrusted to them by Law.

Appellants assert that, because the Texas Commission of Appeals referred to commissioners courts as "courts of general jurisdiction" and stated the validity of their proceedings is to be determined by the rules applicable to courts of general jurisdiction (as outlined in *Haverbekken v. Coryell County)*, district courts can assert dominant jurisdiction and prohibit commissioners courts from acting even where a statute expressly grants them authority to act.[10] Appellants' Brief, p. 13. Outside of quoting the *Haverbekken* opinion, Appellants cannot cite any legal authority holding that a trial court can assert "dominant jurisdiction" over a county commissioners court and enjoin or otherwise prohibit a commissioners court from deliberating and taking action.

---

[10] While various opinions refer to commissioners courts as courts of general jurisdiction, the actions of commissioners courts are materially different from courts within the judicial branch of the Texas government. "Commissioners courts do not readily fit within the context of an article I, section 13 court. Although commissioners courts do have the word "court" in their title, they do not perform the same functions as the courts of the judiciary. Article V, section 18 of the Texas Constitution delegates the duties of commissioners courts: "The county commissioners court ... has none of the functions of a court, but is the governing body of the county." TEX. CONST. art. V, § 18 interp. commentary (West 1993). Further, although the Texas Supreme Court has referred to *Rowan, Swaim,* and *Smith*, the Court did not mention article I, section 13; instead, the Court decided the issues before it under article V, section 18. *Canales v. Laughlin*, 147 Tex. 169, 214 S.W.2d 451, 455 (1948) (commissioners court's order to create a new county office and hire a specific employee was challenged and voided as outside commissioners court's statutory authority)." *Hays County*, 106 S.W. 3d at 360.

42

To the contrary, Texas courts have repeatedly held that, even when commissioners courts act as courts of general jurisdiction over matters involving roadways, their actions are subject to review on direct appeal pursuant to the limitations of the district court's supervisory jurisdiction.

> In its administration of the system of county roads within its county, the Commissioners Court acts not as the county's governing body merely, but exercises the powers of a court of general jurisdiction with respect to such matters; and "[h]aving acquired jurisdiction of the subject-matter and of the party or parties, they may, except as [restrained] or prohibited by law, exercise such powers according to their discretion." *Haverbekken v. Coryell County,* 112 Tex. 422, 247 S.W. 1086 (1923). The exercise of such powers by the Commissioners Court is subject to review in the district court for the county by a suit filed in that court directly attacking the action of the Commissioners Court.

*Hays County v. Alexander*, 640 S.W.2d 73, 78 (Tex. App.—Austin 1982, no writ) (citing TEX. CONST. art. V, § 8 and statutory predecessor to TEX. GOV'T CODE ANN. § 24.020). *See Haverbekken v. Hale*, 109 Tex. 106, 204 S.W. 1162, 1164 (1918) (holding that the commissioners court order opening road was void because statutory jurisdictional prerequisites were not met, entitling appellant to a preliminary injunction); *Bourgeois v. Mills,* 60 Tex.76, 77 (1883); *Schiller v. Duncan*, 21 S.W.2d 571, 573 (Tex. Civ. App.—Galveston 1929, no writ). Therefore, while commissioners courts are referred to as "courts of general

43

jurisdiction," the only appeal from the granting of a 251 application is through a lawsuit based on the District Court's supervisory jurisdiction; not by appeal.

The *Alexander* court specifically rejected the argument that district courts can enjoin a commissioners court from taking action even where the matter before the commissioners is subject to a pending lawsuit. A year after *Alexander* filed suit against the Hays County Commissioners Court, the commissioners passed a resolution declaring the road at issue was a First Class Road as opposed to a Third Class Road as plaintiff alleged. *Hays County v. Alexander*, 640 S.W.2d at 76. The trial court entered a final judgment enjoining the present and all future commissioners courts from altering the designation of the road as something other than a Third Class Road. *Id*. at 77. The Court of Appeals held that it was error to enjoin a commissioners court from exercising its jurisdiction even if that meant the commissioners court could "enter an order changing the classification of the road, abandoning it or altering its route, all of which are matters of discretion conferred upon the Commissioners Court...." *Id*. at p. 80. *See Stringer*, 834 S.W.2d at 479 ("the district court may order the commissioners court to exercise its discretion, but cannot tell the commissioners what to decision to make"); *In re El Paso County Commissioners Court*, 281 S.W.3d at 27-28 (suit must be filed, district court cannot bring its own action under supervisory jurisdiction); *In re El Paso*

44

*Courthouse*, 765 S.W.2d at 880 (supervisory jurisdiction does not empower the district court to make a decision for the commissioners court).

3.  **Appellants cannot establish that La Salle County committed an ultra vires act in connection with the Road.**

Appellants assert that immunity from suit does not apply because they are asserting an "*ultra vires*" claim.

a.  **Appellants' pleadings were insufficient to allege La Salle County Acted Beyond its Authority and, thus, did not plead an Ultra Vires Claim.**

An "*ultra vires*" claim is not barred by immunity because the plaintiff's suit is predicated on the unlawful acts of a governmental official. *Heinrich*, 284 S.W.3d at 371-72. To constitute an *ultra vires* suit, the plaintiff must not complain of a government officer's exercise of discretion but, rather, must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act. *Id.* at 372-73. Prevailing in an *ultra vires* claim rests on establishing that the governmental official exceeded their authority or failed to carry out an act in which the person sued had no discretion whether or not to perform the function. *Heinrich*, 284 S.W.3d at 371; *Bagg v. Univ. of Tex. Med. Branch*, 726 S.W.2d 582, 584-85 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

45

Once again, the only actions to which Appellants can point as the basis of their *ultra vires* claim is "accepting" the 251 Application and declaring a public interest in the Road. The Transportation Code make no reference to the commissioners court "accepting" an application. *See* TEX. TRANSP. CODE §§251.052-.053. The Transportation Code sets out requirements for the elements of an application, but does not set standards under which a commissioners court must either accept or reject an application under Chapter 251.

In an effort to assert their pleading alleged an *ultra vires* claim, Appellants argue that the La Salle County Commissioners Court lacked authority to "consider" the 251 Application because the application failed to set out all requirements of the statute. Appellant's Brief, p. 17. However, an application for opening a road based on necessity does not need to set forth all of the requirements of the statute in order to be granted by a commissioners court. *See Schiller*, 21 S.W.2d at 57 (decided under a predecessor statute that was comparable to Chapter 251). More importantly, while the District Court may consider whether the granting of the 251 Application was an *ultra vires* act by determining if the statutory requirements were met, there are no statutory or other requirements that determine when a commissioners court can consider a 251 application, even if it is defective. Accordingly, Appellants have not plead an *ultra vires* claim.

### 4. Appellants cannot establish a waiver of immunity from suit under the Uniform Declaratory Judgment Act.

Finally, Appellants' pleading stated that governmental immunity is waived because Appellants are bringing suit under the Uniform Declaratory Judgment Act ("DJA"). Appendix, pp. 8-9; CR, pp. 303-304. The DJA is a limited, not general, waiver of sovereign immunity and it does not enlarge a court's jurisdiction. *Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505 (Tex. App.—Austin 2010, no pet.). A plaintiff cannot circumvent immunity from suit merely by claiming he is bringing suit under the DJA. *Heinrich*, 284 S.W.3d at 370. In order to determine if the DJA waives immunity from suit, courts are obligated to look at the real nature of the relief sought. *See City of Houston v. Williams*, 216 S.W.3d at 829; *Creedmoor*, 307 S.W.3d at 515; *Leach v. Tex. Tech Univ.*, 335 S.W.3d 386 (Tex. App.—Amarillo 2011, writ denied). The DJA waives immunity from suit to allow a plaintiff to sue to declare an order, ordinance or statute invalid or illegal. *Heinrich*, 284 S.W.3d at 373, n. 6. Additionally, the DJA waives immunity from suit to join a governmental entity as a party to suit to construe or interpret an order, ordinance or statute. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 633-34 (Tex. 2010).

For example, in *Smith v. Lutz*, 149 S.W.3d 752 (Tex. App.—Austin 2004, no. pet. h.) (not released for publication), the Austin Court held that the DJA did

47

not waive immunity from suit where the plaintiff could not point to any statute or regulation for which he needed an interpretation or was seeking a determination regarding its validity.

Here, as in *Smith*, Appellants cannot point to any order of the Commissioners Court or County regulation for which they are in need of an interpretation or determination of validity. Thus, there is no basis for them to seek declaratory or other relief and their claims are barred by immunity from suit. *Id*.

Each of Appellants' efforts to avoid immunity or to plead a waiver of immunity fail. Therefore, this Court must affirm the Trial Court's granting of Appellees' First Amended Plea to the Jurisdiction.

## IV. The Separation-of-Powers Doctrine Reinforces the Propriety of the Trial Court's Decision to Grant the Plea to the Jurisdiction.

"The power to provide for the improvement of the public roads is a legislative function, which has been delegated to the commissioners' court." *Grayson County v. Harrell*, 202 S.W. 160, 163 (Tex. Civ. App.—Amarillo 1918, writ ref'd). "This legislative function, when properly performed, is protected from the scrutiny of the judicial branch by the constitutionally-mandated separation of powers doctrine." *Hooten v. Enriquez*, 863 S.W.2d 522, 528 (Tex. App.—El Paso 1993, no writ) (citing TEX. CONST. art. II, §1). Because there is no basis for the exercise of supervisory authority here and no basis for bringing an *ultra vires*

48

claim, the separation-of-powers doctrine strongly counsels against taking jurisdiction of the Appellants' claims.

The district court "has no authority to direct a public official how to perform a discretionary act." *Weber v. City of Sachse*, 591 S.W.2d 563, 566 (Tex. Civ. App.—Dallas 1979, writ dism'd). "The district court's authority extends only to enjoin illegal expenditures and to situations where the commissioners abuse their discretion. It has no authority to substitute its judgment for that of these elected officials as to the particular expenditures that should be made." *Id.* Substituting judicial authority for the legislative judgment of the Commissioners Court, however, is precisely what Appellants seek to do. Worse still, the requested injunctive relief extends far beyond merely restricting deliberation on the purportedly defective 251 Application, and seeks to tie the hands of the La Salle County Commissioners Court even as to unrelated questions, like whether to initiate eminent-domain proceedings.

Validating that effort by permitting proceedings on the Third-Party Petition to go forward would have severe and deleterious consequences for governmental entities across Texas. Rather than requiring challenges be made only after the entry of actual orders or other official acts, according to Appellants, any allegedly aggrieved citizen should be empowered to have a district court step into

49

ongoing policy debates and put an end to legislative deliberation far in advance of any eventual decision. Following Appellants' argument to its logical conclusion, potentially aggrieved parties would be entitled to bring suit to enjoin the Texas Legislature based on the allegations that a bill is pending which, if passed and enacted into law, might violate the Texas Constitution and could possibly injury the plaintiff. That is not the proper function of our judicial system, and Appellants' vision utterly fails to respect the clear delineation of checks and balances set out in Article II, §1 of the Constitution.

Under these circumstances, the proper course, even if the trial court had jurisdiction, is to decline to exercise it. *Cf. In re Luby's Cafeterias, Inc.*, 979 S.W.2d at 816 (observing that primary jurisdiction, a "judicially created doctrine of abstention," permits courts possessed of subject-matter jurisdiction nonetheless to "defer[] to an administrative agency for an initial decision on questions of fact or law within the peculiar competence of the agency" in order to "assure that the administrative agency will not be bypassed in a matter which has been especially committed to it by the legislature" (quotation marks and citation omitted). The quintessential legislative function at issue here—the consideration of whether or not to grant the 251 Application, discretion over which has been expressly vested

50

in the commissioners court by statute—should be permitted to continue unmolested by unwarranted intervention by the judicial branch.

## CONCLUSION

Taking all of the facts plead in the Third-Party Petition as true, Appellants failed to meet their burden of establishing the Trial Court had jurisdiction over their claims. Appellants did not allege they had been injured or that future injury was imminent; thus, they lacked standing and their claims were not ripe. Appellants also failed to allege facts that either establish their claims are not subject to governmental immunity or that immunity from suit has been waived. Appellants do not allege any action taken by the La Salle County Commissioners Court violated a clearly established law or constituted an abuse of discretion. Thus, the Trial Court could not assert supervisory jurisdiction over the La Salle County Commissioners Court or assert jurisdiction based on purportedly *ultra vires* acts. Appellants cannot establish jurisdiction based on the Declaratory Judgment Act because they are not seeking a declaration or determination of the validity of an official act of the La Salle County Commissioners Court. Finally, the nature of the claims and the relief sought by Appellants establish they are seeking to use the court system to interfere with the La Salle County

51

Commissioners Court's deliberative and legislative process in violation of the separation of powers doctrine.

## PRAYER

For the reasons set forth above, Appellees La Salle County, Texas; the Honorable Joel Rodriguez, Jr., County Judge, La Salle County, Texas; and the Honorable Raul Ayala, County Commissioner, Precinct Four, La Salle County, Texas, respectfully pray that the Court affirm the Trial Court's judgment granting Appellees' First Amended Plea to the Jurisdiction and dismiss all of Appellants' claims against Appellees.

Respectfully submitted,

/s/ Michael A. Shaunessy
Michael A. Shaunessy
State Bar No. 18134550
MCGINNIS LOCHRIDGE, LLP
600 Congress Avenue, Suite 2100
Austin, Texas  78701
(512) 495-6000 Telephone
(512) 495-6093 Facsimile
mshaunessy@mcginnislaw.com

Christopher S. Johns
State Bar No. 24044849
JOHNS, MARRS, ELLIS & HODGE, LLP
805 West 10th Street, Suite 400
Austin, Texas  78701
(512) 215-4078  Telephone
(512) 628-7169  Facsimile
cjohns@jmehlaw.com

**ATTORNEYS FOR APPELLEES**

## <u>CERTIFICATE OF COMPLIANCE</u>

In accordance with Texas Rule of Appellate Procedure 9.4, the undersigned certifies that the foregoing computer-generated brief contains 11,815 words.

/s/ Michael A. Shaunessy
Michael A. Shaunessy

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served in accordance with the Texas Rules of Appellate Procedure on the 5th day of February, 2015, to the following:

Via Email/E-Service
Samuel V. Houston, III
HOUSTON DUNN, PLLC
4040 Broadway, Suite 440
San Antonio, Texas 78209
sam@hdappeals.com

Via Email/E-Service
Jorge C. Rangel
Jaime C. Rangel
THE RANGEL LAW FIRM, P.C.
615 North Upper Broadway, #2020
Corpus Christi, Texas 78401
jorge.c.rangel@rangellaw.com
jaime.rangel@rangellaw.com

Via Email/E-Service
J. Byron "Trace" Burton, III
Ezra A. Johnson
UHL, FITZSIMONS, JEWETT &
    BURTON, PLLC
4040 Broadway, Suite 430
San Antonio, Texas 78209
tburton@ufjblaw.com
ejohnson@ufjblaw.com

Via Email/E-Service
Dan Miller
MCELROY, SULLIVAN, MILLER,
    WEBER & OLMSTEAD, LLP,
P.O. Box 12127
Austin, Texas 78711
dmiller@msmtx.com

/s/ Michael A. Shaunessy
Michael A. Shaunessy

No. 04-14-00651-CV

# In the Fourth Court of Appeals
# San Antonio, Texas

———————— ♦ ————————

Philip Wayne Hindes and Melinda Hindes Eustace,

*Appellants*,

v.

La Salle County, Texas; Hon. Joel Rodriguez, Jr., in his Official Capacity as County Judge, La Salle County, Texas; and Hon. Raul Ayala, in his Official Capacity as County Commissioner, Precinct 4, La Salle County, Texas,

*Appellees*.

———————— ♦ ————————

On Appeal from the 81st District Court, La Salle County, Texas
Cause No. 12-09-00179-CVL

———————— ♦ ————————

**APPENDIX**

———————— ♦ ————————

Third-Party Plaintiffs' Original Petition and Application for Temporary and Permanent Injunction

CAUSE NO. 12-09-00179-CVL

| | | |
|---|---|---|
| THOMAS MICHAEL TOWNSEND, SR., TMT MANAGEMENT, LLC, TOWNSEND MINERAL COMPANY, LP, | § § § § | IN THE DISTRICT COURT |
| *Plaintiffs and Counter-Defendants,* | § § | |
| v. | § § | |
| PHILIP WAYNE HINDES and MELINDA HINDES EUSTACE, | § § § | |
| *Defendants, Counter-Plaintiffs and Third-Party Plaintiffs, and* | § § § § | 81ST JUDICIAL DISTRICT |
| v. | § § | |
| LA SALLE COUNTY, TEXAS, HON. JOEL RODRIGUEZ, JR., IN HIS OFFICIAL CAPACITY AS COUNTY JUDGE, LA SALLE COUNTY, TEXAS and HON. RAUL AYALA, IN HIS OFFICIAL CAPACITY AS COUNTY COMMISSIONER, PRECINCT 4, LA SALLE COUNTY, TEXAS, | § § § § § § § § § | |
| *Third-Party Defendants.* | § § | LA SALLE COUNTY, TEXAS |

### THIRD-PARTY PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

COME NOW **PHLIP WAYNE HINDES and MELINDA HINDES EUSTACE** ("Defendants/Counter-Plaintiffs/Third-Party Plaintiffs" or "Hindes") and pursuant to TEXAS RULES OF CIVIL PROCEDURE 39, 40 and 97(f), file this, their Third-Party Original Petition and Application for Temporary and Permanent Injunction ("Third-Party Petition") against **LA SALLE COUNTY, TEXAS, HON. JOEL RODRIGUEZ, JR., IN HIS OFFICIAL CAPACITY AS COUNTY JUDGE, LA SALLE COUNTY, TEXAS and HON. RAUL AYALA, IN HIS OFFICIAL CAPACITY AS COUNTY COMMISSIONER, PRECINCT 4, LA SALLE COUNTY, TEXAS** ("Third-Party Defendants"). In support thereof, Third-Party

Plaintiffs would respectfully show the Court the following:

## I.

**A.**     **Discovery Control Plan**

1.1     Discovery shall be conducted pursuant to the Docket Control Order in this suit.

**B.**     **Parties**

1.2     Third-Party Plaintiffs are residents of the State of Texas and landowners in La Salle County, Texas.

1.3     Third-Party Defendant La Salle County, Texas is a political subdivision of the State of Texas and may be served with process by serving Hon. Joel Rodriguez, Jr., County Judge, La Salle County, Texas at 101 Courthouse Square, Cotulla, Texas 78014.

1.4     Third-Party Defendant Hon. Joel Rodriguez, Jr., County Judge, La Salle County, Texas is a county official and may be served with process by serving Hon. Joel Rodriguez, Jr., County Judge, La Salle County, Texas at 101 Courthouse Square, Cotulla, Texas 78014.

1.5     Third-Party Defendant Hon. Raul Ayala, County Commissioner, Precinct 4, La Salle County, Texas is a county official and may be served with process by serving Hon. Joel Rodriguez, Jr., County Judge, La Salle County, Texas at 101 Courthouse Square, Cotulla, Texas 78014.

1.6     Plaintiff/Counter-Defendant Thomas Michael Townsend, Sr. ("Townsend") is an individual who is a resident of McAllen, Hidalgo County, Texas and who has been served and appeared in this matter.

1.7     Plaintiff/Counter-Defendant Townsend Mineral Company, LP is a Texas limited partnership, with an office in Corpus Christi, Nueces County, Texas and has been served and appeared in this matter.

2

1.8    Plaintiff/Counter-Defendant TMT Management, LLC is a Texas limited liability company, with an office in Corpus Christi, Nueces County, Texas, and has been served and appeared in this matter.[1]

## C.    Jurisdiction & Venue

1.9    Jurisdiction is proper because the amount in controversy is within the jurisdictional limits of the Court and pursuant to the Uniform Declaratory Judgments Act. Jurisdiction is further proper because Article V, Section 8 of the Texas Constitution grants district courts general supervisory control over County Commissioners Courts. This constitutional provision is also codified at Section 24.020 of the Texas Government Code. Jurisdiction is further proper because governmental immunity is inapplicable to Third-Party Defendants' actions as such actions were unauthorized under Texas Transportation Code Section 251.053. Alternatively, jurisdiction is proper because this suit is permitted by the statutory framework under which Third-Party Defendants have purportedly acted.

1.10    Venue is mandatory in La Salle County, Texas pursuant to Texas Civil Practice & Remedies Code Section 15.011 because the real property in dispute is located in La Salle County, Texas.

## D.    Procedural History

1.11    On or about September 18, 2012, the Townsends filed this lawsuit against Hindes (the "Lawsuit") asserting rights to a private road located on the Hindes' property (the "Private Easement") and seeking $6.6 million in damages.[2] On or about May 10, 2013 Hindes filed their First Amended Original Answer and Original Counter-Claim asserting a cause of action for trespass and further seeking permanent injunctive relief preventing the Townsends from entering

---

[1] Collectively, Plaintiffs/Counter-Defendants shall be referred to as "the Townsends" herein.

[2] In October 2013, the Townsends amended their petition to drop their $6.6 million damage claim.

3

or otherwise using any of the roads located on Hindes Ranch. Thereafter, the Hindes filed their Traditional Motion for Partial Summary Judgment on September 4, 2013. The Hindes filed their First Supplemental Traditional Motion for Partial Summary Judgment and No- Evidence Motion for Partial Summary Judgment on September 24, 2013. Said Traditional Motion for Summary Judgment, First Supplemental Traditional Motion for Summary Judgment, and No- Evidence Motion for Partial Summary Judgment are incorporated by reference as if fully set forth herein. The Court issued its rulings on said motions by letter dated November 12, 2013 ("The Letter Ruling"). On December 2, 2013, the Court signed an order ("Summary Judgment Order") on its rulings and ordered that Plaintiffs take nothing against Hindes on Plaintiffs' Express Public Dedication Claim, Private Dedication Claim, Easement by Necessity Claim, Easement by Estoppel Claim, or Trespass to Try Title Claim.

1.12 Due to repeated trespasses on Hindes Ranch by the Townsends, their agents, and invitees under purported authority from the La Salle County Commissioners' Court, Hindes filed their Second Amended Counter-Claim and Verified Application for Temporary Restraining Order and for Temporary Injunction on or about December 17, 2013. On or about December 17, 2013, the Court entered a temporary restraining order restraining the Townsends, their agents, and invitees from using or attempting to use the Private Easement or advising any third party that they have authorization to use the Private Easement in any manner or for any purpose. Following a January 9, 2014 hearing, during which the Townsends argued their actions were authorized by the La Salle County Commissioners' Court, the Court granted Hindes' Application for Temporary Injunction.[3] On January 21, 2014, the Court signed an Order Granting Temporary Injunction restraining the Townsends from (a) using the Private Easement in any

---

[3] At the January 9, 2014 injunction hearing, the Townsends presented testimony from Third-Party Defendant Ayala in support of their position.

4

manner, for any purpose, (b) entering Hindes Ranch at anytime; or (c) authorizing any third party to use the Private Easement or enter Hindes Ranch at anytime or for any purpose, until the completion of a trial of the Lawsuit on the merits. On April 30, 2014, the Court signed an Agreed Order Extending Temporary Injunction, extending the temporary injunction until the trial in this cause, which is set to commence on October 6, 2014.

## E. Factual Background

1.13 The Hindes own lands ("Hindes Ranch") located in La Salle County, Texas, which include that certain road in dispute in this suit, the Private Easement. Hindes Ranch is surrounded by fences and locked gates, and has been for over 50 years. The Hindes family has been the exclusive owner of the surface estate of Hindes Ranch for over 50 years. For over 50 years, only the Hindes, their family and persons with their express permission have had lawful access to Hindes Ranch or Hindes Road. At no time has a public road existed on Hindes Ranch. No instrument dedicating a road on the Hindes Ranch to the public exists.

1.14 The Townsends own the surface estate of a tract of land located adjacent to Hindes Ranch. The Townsends obtained their interest in the property located adjacent to the Hindes Ranch in 2003. The Townsends' deed describes a road access easement ("Martin Road"), which serves as the Townsends' means of ingress and egress to their property. The Martin Road is not located on the Hindes Ranch, but rather on lands owned by the Martin Family, which are located to the south of the Townsend Property. Townsend has also sued the Martin Family over the alleged rights to Martin Road. In addition to the Martin Road, the Townsends have used and continue to use other roads located on the Martin Family property to access the Townsend Property.

5

1.15    The Townsends filed the Lawsuit in an effort to acquire rights to the Private Easement. Additionally, the Townsends and the Martin Family have requested that the La Salle County Commissioners' Court open the Private Easement to the public. Initially, these efforts were unbeknownst to Hindes, until Hindes learned about such efforts through discovery in the Lawsuit. For instance, on November 26, 2013, shortly after the Letter Ruling, representatives of the Townsends and the Martin Family appeared together before the La Salle County Commissioners' Court to request that the Commissioners' Court open the Private Easement based upon a "public interest" in the road. Hindes did not receive notice of this hearing nor did Hindes have an opportunity to appear at this hearing. Representatives of the Martin Family had previously appeared before the Commissioners' Court on January 14, 2013, requesting similar relief. Hindes did not receive notice of this hearing nor did Hindes have an opportunity to appear at this hearing. Despite the lack of notice to Hindes and Hindes' absence, on both of these occasions, the Commissioners' Court purportedly found a "public interest" in and declared public rights to the Private Easement. Such action by the Commissioners' Court caused the Townsends to trespass on Hindes Ranch. A 2008 County Road Map does not show the Private Easement as being a county road open to the public.

1.16    On April 4, 2014, without regard to this Court's Summary Judgment Order and jurisdiction over the disputed rights to the Private Easement, the Townsends filed an Application for the Establishment of a Public Road Pursuant to Texas Transportation Code Section 251.053 ("251 Application"). On May 12, 2014, the La Salle County Commissioners' Court held a hearing on Townsends' 251 Application. Hindes appeared and protested the 251 Application. Additionally, numerous La Salle County landowners, several of whom own property adjacent to the Private Easement, provided testimony in support of the Hindes' protest of the 251

6

Application. Other than the Townsends, no landowners who own property adjacent to the Private Easement testified in favor of the Townsends' 251 Application. Tellingly, no member of the Martin Family appeared to testify in support of the 251 Application. Neither the 251 Application nor the testimony in support of it demonstrated a necessity for access to the Townsend property so as to confer authority to consider the 251 Application upon the La Salle County Commissioners' Court. Following the extensive public testimony against the 251 Application and despite the Hindes' protest, the Commissioners' Court accepted it for consideration.

1.17 On June 2, 2014, the La Salle County Commissioners' Court took further action in its continued effort to open the Private Easement to the public. The Commissioners' Court called its retained engineer to testify to the alleged fact that certain surveys and plats purportedly show a "county road easement" on Hindes Ranch. While the County's engineer testified to this alleged fact, he did not submit any copies of surveys or plats to the Commissioners' Court in support of his statements. Additionally, in a clear reflection of its assertion of purported rights to the Private Easement, the Commissioners' Court took action to authorize the purchase of a title insurance policy covering the Private Easement. While the Commissioners' Court set the Townsends' 251 Application on its agenda for the June 2nd meeting, it took no action to dismiss the 251 Application for lack of jurisdiction and it remains pending.

## II.

**A. Cause of Action: Declaratory Judgment Pursuant to the Uniform Declaratory Judgments Act**

2.1 Third-Party Plaintiffs incorporate Paragraphs 1.9 through 1.17 by reference as if fully set forth herein.

2.2 Third-Party Defendants did not have authority to accept Townsends' 251

7

Application, because the Townsends failed to demonstrate a necessity for access to their property as required by the statute. *Phillips v. Naumann,* 275 S.W.2d 464 (Tex. 1955); TEX. TRANSP. CODE § 251.053. Indeed, they cannot show a necessity and the Court's dismissal of Townsends' easement by necessity claim in this case illustrates as much. Third-Party Defendants' consideration of the 251 Application directly interferes with the Court's continuing jurisdiction over the disputed rights to the Private Easement and improperly attempts to moot or otherwise collaterally attack the Court's prior rulings. Third-Party Plaintiffs are entitled to declaratory relief as a result of Third-Party Defendants' unauthorized, *ultra vires* actions.

2.3 Additionally, an actual controversy has arisen and exists between the Third-Party Plaintiffs and Third Party Defendants as to the deeded rights to the Private Easement located on Hindes Ranch. In light of the actions and statements of Third-Party Defendants to date, a declaratory judgment is necessary to settle and afford Third-Party Plaintiffs relief from uncertainty and insecurity with respect to their legal rights to the Private Easement. Furthermore, in the absence of Third-Party Defendants, complete relief cannot accorded among the parties to the Lawsuit. At all relevant times herein, Third-Party Plaintiffs have been in lawful possession of Hindes Ranch. At no time has the Private Easement been dedicated to the public, and the general public has not used the Private Easement for any purpose. The Private Easement leads to no school, church, cemetery, or any other public monument. No La Salle County Road Map reflects the Private Easement as being a county road and no record granting La Salle County rights to the Private Easement exists.

2.4 Third-Party Plaintiffs respectfully request declaratory relief including a declaration that (a) Third-Party Defendants do not have authority to consider the Townsend 251 Application because there has not been a demonstration of the requisite necessity for access so as

8

to confer such authority upon Third-Party Defendants and because any consideration of the 251 Application interferes with the Court's jurisdiction over the Lawsuit; and (b) The relevant instruments affecting the rights to the Private Easement do not reflect a public right to the Private Easement. Since Third-Party Plaintiffs seek declaratory relief only with respect to the claim asserted in the Third-Party Petition, the defenses of governmental/sovereign immunity do not apply. *City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009); *Ware v. Miller*, 82 S.W.3d 795, 804 (Tex.App.—Amarillo 2002, pet. denied).

**B.    Injunctive Relief**

2.5    Third-Party Plaintiffs incorporate Paragraphs 1.9 through 1.17 by reference as if fully set forth herein.

2.6    Third-Party Plaintiffs request entry of a temporary injunction in order to preserve the status quo pending disposition of the Lawsuit. After hearing, Third-Party Plaintiffs request that the Court enter a temporary injunction enjoining Third Party Defendants from considering the Townsend 251 Application and taking any action to order the opening or taking of the Private Easement pending the outcome of the Lawsuit. TEX. CIV. PRAC. & REM. CODE § 65.011. Third-Party Plaintiffs request the Court enter a permanent injunction perpetuating the terms of the temporary injunction following a trial on the merits.

2.7    Third-Party Plaintiffs have a probable right to the relief they seek in their declaratory judgment action claim herein because the Townsends have failed to demonstrate the requisite necessity for access and no evidence of the Private Easement being dedicated to the public exists. Third-Party Plaintiffs face imminent harm, irreparable injury and have no other adequate legal remedy because an opening of the Private Easement to the public will compromise the security of Hindes Ranch and endanger its residents and visitors. Further, action

9

304

by Third-Party Defendants to open the Private Easement would be inconsistent with the Temporary Injunction already in place in the Lawsuit and create the possibility of inconsistent outcomes of the underlying dispute. Judgment in the Lawsuit may be rendered ineffectual. TEX. CIV. PRAC. & REM. CODE § 65.011(2).

2.8     A temporary injunction is further needed because Third-Party Defendants' consideration of the 251 Application constitutes a threat to the Court's jurisdiction, the Court should prevent a multiplicity of suits, and Third-Party Plaintiffs should be protected from vexatious or harassing litigation.

2.9     Third-Party Plaintiffs are willing to post bond in this matter.

## III.

### A.     Joinder Pursuant to Texas Rule of Civil Procedure 39

3.1     Joinder of Third-Party Defendants is proper under Rule 39 because in their absence complete relief cannot be accorded among those already parties to the Lawsuit, Third-Party Defendants claim an interest relating to the subject of the Lawsuit and they are so situated that the disposition of the Lawsuit in their absence may leave Third-Party Plaintiffs subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of Third-Party Defendants' claimed interest. In light of Plaintiffs claims, joinder of Third-Party Defendants is also proper under Texas Civil Practice & Remedies Code Section 37.006(a).

### B.     Attorneys' Fees

3.2     As a direct result of Third-Party Defendants' actions, Third-Party Plaintiffs have incurred attorneys' fees and costs. Third-Party Plaintiffs seek an award of their attorneys' fees and costs pursuant to the Uniform Declaratory Judgments Act. TEX. CIV. PRAC. & REM. CODE § 37.009.

10

## C. Jury Demand

3.3 Third-Party Plaintiffs have demanded a jury pursuant to TEXAS RULE OF CIVIL PROCEDURE 216, and the appropriate jury fee has been previously paid.

**WHEREFORE, PREMISES CONSIDERED,** Third Party Plaintiffs respectfully pray as follows:

1. That the Court declare the following:

   a. Third-Party Defendants do not have authority to consider the Townsend 251 Application because there has not been a demonstration of the requisite necessity for access so as to confer such authority upon Third-Party Defendants and because any consideration of the 251 Application interferes with the Court's jurisdiction over the Lawsuit; and

   b. The relevant instruments affecting the rights to the Private Easement do not reflect a public right to the Private Easement.

2. That following an evidentiary hearing with notice to Third Party Defendants, the Court issue a temporary injunction pending final trial hereof enjoining Third Party Defendants from considering the Townsend 251 Application and taking any further action to open, take or declare a public interest in the Private Easement;

3. That upon final hearing, the Court enter a permanent injunction perpetuating the terms of the temporary injunction and enter a judgment awarding Third Party Plaintiffs attorneys' fees, prejudgment and post-judgment interest as allowed at law, and assessing costs against Third Party Defendants;

4. The Court award Third-Party Plaintiffs their reasonable and necessary attorneys' fees and costs pursuant to TEX. CIV. PRAC. & REM. CODE § 37.009; and

11

5.     Third Party Plaintiffs pray for such other and further relief to which they may be justly entitled.

Respectfully submitted,

**THE RANGEL LAW FIRM, P.C.**



Jorge C. Rangel
State Bar No. 16543500
Jaime S. Rangel
State Bar No. 24033759
615 N. Upper Broadway, Suite 2020
Corpus Christi, Texas 78401
Telephone: (361) 883-8500
Facsimile: (361) 883-2611

*and*

**UHL, FITZSIMONS, JEWETT & BURTON, PLLC**
J. Byron "Trace" Burton, III
State Bar No. 24031776
Ezra A. Johnson
State Bar No. 24065499
4040 Broadway, Suite 430
San Antonio, Texas 78209
Telephone: (210) 829-1660
Facsimile: (210) 829-1641

*ATTORNEYS FOR DEFENDANTS,*
*COUNTER-PLAINTIFFS and*
*THIRD-PARTY PLAINTIFFS*

FILED FOR RECORD
At 10:30 o'clock A M.

JUN - 6 2014

MARGARITA A. ESQUEDA
COUNTY & DISTRICT CLERK
LA SALLE COUNTY, TEXAS
Deputy

12

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on this the 6th day of June, 2014, in compliance with the Texas Rules of Civil Procedure by serving the following counsel of record as follows:

*Via Certified Mail, RRR*
Dan Miller
MCELROY, SULLIVAN, MILLER
WEBER & OLMSTEAD, LLP
P.O. Box 12127
Austin, Texas 78711

_____
Jaime S. Rangel

13